IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WALT DISNEY PARKS AND
RESORTS U.S., INC.,**

    *Plaintiff*,

v.                                    Case No.: 4:23cv163-MW/MJF

**RONALD D. DESANTIS, in his
official capacity as Governor of
Florida, et al.,**

    *Defendants*.

_____/

## ORDER DENYING MOTION TO INTERVENE

Scott Huminski moves to intervene as a Plaintiff in this action. ECF No. 23. The Federal Rules of Civil Procedure provide for two types of intervention: intervention of right and permissive intervention. Fed. R. Civ. P. 24. A movant may intervene as a matter of right if (1) the movant "is given an unconditional right to intervene by a federal statute," or (2) the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Mr. Huminski has identified no federal statute giving him an unconditional right to intervene, nor will disposing of this action impair or

impede his ability to protect his interests. Mr. Huminski is not entitled to intervention as a matter of right.

A district court "may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion to grant or deny permissive intervention. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citing *Sellers v. United States*, 709 F.2d 1469, 1471 (11th Cir. 1983)). So much so that it "is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986)).

While Mr. Huminski's motion addresses First Amendment principles related to those raised in this case, at no point in this case will this Court be called to pass upon the constitutionality of the laws under which Mr. Huminski was prosecuted. This Court in no way minimizes Mr. Huminski's concerns or his desire to intervene. However, the motion to intervene, ECF No. 23, is **DENIED without prejudice to file a separate lawsuit**. Mr. Huminski could potentially file his complaint as a stand-alone lawsuit, but he cannot file it in this case.

**SO ORDERED on May 4, 2023.**

s/Mark E. Walker<br>**Chief United States District Judge**