In The
# United States District Court
# Northern District of Florida

| | | |
|---|---|---|
| WALT DISNEY RESORTS & PARKS, | ) | Number: 4:23-cv-00163-MW-MJF |
| PLAINTIFF, | ) | |
| v. | ) | |
| RONALD DESANTIS, ET AL, | ) | |
| DEFENDANTS. | ) | |

## MOTION TO RECONSIDER OR TO AMEND
## FINAL ORDER re: intervention

NOW COMES, Scott Huminski ("Huminski"), and, moves to reconsider or for clarification regarding the Court's order filed on 5/4/2023, Paper # 24, (the "Order") and notifies that service of this paper upon State of Florida attorneys and entities has been obstructed as follows:

1. The Order erroneous states,

    While Mr. Huminski's motion addresses First Amendment principles related to those raised in this case, at no point in this case will this Court be called to pass upon the constitutionality of the laws under which Mr. Huminski was prosecuted.

2. Huminski did not request in his intervention motion any relief related to the invalidity of any State nor Federal law and did not allege in the intervention motion that the law he was prosecuted under, F.S.§ 900.04, was unconstitutional. It was a valid law that concerns *sui generis* common law contempt in Florida. F.S.§ 900.04 is not a criminal statute and the intervention motion proffers no assertion that the statute is unconstitutional.

3. The law Huminski was prosecuted under, F.S.§ 900.04, mentioned in the Order is valid and constitutional and completely lawful. The Order erred suggesting otherwise and such a contention is absent from the intervention motion.

4. Huminski's sole reason for intervention is to address the *State v. Huminski* final judgment's

prior restraint gag order that prohibits Huminski's communication with the entire government of Florida – FOR LIFE, to wit (the "Prior Restraint");

[handwritten annotation on form: "Defense Motion For Mistrial-Denied; Motion To Dismiss-Denied; Any Future Filings Are To Be Under The Signature Of A Licensed Attorney; No Communication With The Parties In The Civil Or Criminal Case"]

also transcribed as,

> "Defense motion for mistrial - denied; Motion to Dismiss - denied; Any future filings are to be under the signature of a licensed attorney; **No communication with the parties in the civil or criminal cases**" (emphasis added)

5. The Prior Restraint gag order is not a "law" and the Order erred in classifying content in a final judgment as a "law" or statute. Laws arise in a legislative body, not in court orders/judgments.

6. Huminski's sole intent and purpose concerning intervention is to protect his rights related to any *stare decisis* created by rulings that would negatively impact his ability to collaterally attack the Prior Restraint gag order set forth in paragraph 4 above under the First Amendment.

7. No State nor Federal law is invalid related to the Prior Restraint gag order and Huminski seeks no collateral attack upon any law or statute – only the Prior Restraint gag order. The Prior Restraint gag order is invalid under First Amendment grounds. The Court erred concerning it's statement set forth above in Paragraph 1.

8. Huminski's only concern related to intervention is the First Amendment and its protections concerning the perpetual Prior Restraint gag order detailed above prohibiting any communication with the entire Florida government for the remainder of Huminski's life. A First Amendment deprivation that is akin to the First Amendment violations set forth in the Complaint.

9. Huminski seeks intervention for one reason, to preserve his First Amendment rights related to the perpetual Prior Restraint gag order that may be impacted by *stare decisis* arising from rulings issued in this matter.

10. The erroneous reading of the intervention motion by the Court impacted the decision to deny

intervention – Huminski did not allege an unconstitutional law.

11. The Prior Restraint gag order has obstructed the service of this paper upon State of Florida governmental entities listed as defendants and their employees, agents, representatives and attorneys.

WHEREFORE, intervention should be allowed or, the final order denying intervention should be amended to correct factual errors within the Order.

Dated at Flagler County, Florida this 11th day of May, 2023.

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL  32135
(239) 300-6656
S_Huminski@live.com

Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case.  Service upon parties prohibited by Gag Order **have not been served** because of the looming threats of prosecution and incarceration embodied in the Prior Restraint Gag Order obstructing service in this matter.

Dated this 11th day of May, 2023.

Scott Huminski




**USPS FIRST-CLASS MAIL®**

SCOTT HUMINSKI
PO BOX 353820
PALM COAST FL 32135-3820

1.20 oz
RDC 29

MAY 15 2023



SHIP TO:
CLERK
U.S. DISTRICT COURT
1 N. PALAFOX STREET
PENSACOLA FL 32502

**USPS TRACKING® NUMBER**



9516 4066 9811 3131 6123 51

