In The

# United States District Court
# Northern District of Florida

| | | |
|---|---|---|
| WALT DISNEY RESORTS & PARKS, | ) | Number: 4:23-cv-00163-MW-MAF |
| PLAINTIFF, | ) | |
| V. | ) | |
| RONALD DESANTIS, ET AL, | ) | |
| DEFENDANTS. | ) | |

## MOTION FOR ENLARGEMENT OF TIME and MOTION TO REFER OBSTRUCTION OF SERVICE TO FEDERAL LAW ENFORCEMENT

NOW COMES, Scott Huminski ("Huminski"), and, moves for this Court's referral of the obstruction of justice concerning service in this matter to federal law enforcement and moves for enlargement of time to file court papers and a notice of appeal as follows:

1. A There exist a State Court perpetual permanent injunction / gag order prohibiting any communication by Huminski with the entire government of the State of Florida constituting obstruction of justice related to service of papers upon the various defendants in this matter and their employees, agents, representatives and attorneys as entered in the final judgment in _State of Florida v. Huminski_, 17-mm-815, Lee County Court. See *Verified Motion to Intervene*, Docket Entry 23, Para. 2 (" … **No communication with the parties in the civil or criminal cases** [_Huminski v. Gilbert_, _State of Florida v. Huminski_]").

2. Aside from the crime of obstruction of justice targeting this litigation and all litigation involving Huminski and the State of Florida, this criminal manipulation of the Federal Courts appears to violate federal civil rights crimes under 18 U.S.C. §§ 241, 242 (conspiracy against rights, violation of rights under color of law) related to Huminski's Due Process and First Amendment rights and, for that matter, the gag order deprives the Defendants of service of this paper violative of Due Process' "notice" mandate.

3. Pursuant to the permanent injunction against communication with the entire State of Florida government set forth in paragraph 1 above, Huminski has not served the State of


FILED USDC FLND PN
MAY 25 '23 AM10:04

Florida entities that are defendants in this matter. The threat of prosecution for contempt embodied in the permanent communication prohibition has chilled Huminski's speech and has criminally obstructed service in this matter.

4. Threatening one with harm to dissuade the participation of a person in court matters, such as gangsters threatening a witness to not appear in court is analogous to the governmental threat/prohibition against core protected political expression which is contained in Huminski's papers filed in this matter. If a hypothetical witness did appear in court despite a gangster threat, the crimes related to obstruction of justice are not mitigated. In the instant matter the "gangster" is the entire government of the State of Florida that obtained the permanent communication prohibition accompanied by threat of prosecution for contempt which has already resulted in an incarceration of Huminski by the State of Florida for a gag order violation.

5. Attached hereto as Exhibit "A" is a true and correct copy of the envelope that provided Huminski with service of the order denying intervention. Noteworthy is the Court's delaying mailing for 4 days after entry of the order on May 4, 2023 and the mailing postmark of May 8, 2023.

6. Huminski, as of the date of authoring of this paper, has not received service of an order on his pending motion to reconsider if one has been issued.

**Memorandum of Law**

This Court should embrace legitimacy, integrity and Due Process which should attach to courthouse proceedings and refer the aforementioned Obstruction of Justice and civil rights crimes to federal law enforcement which are epitomize examples of the continuing criminal offense doctrine.

The disrespect for the Federal Courts is not only embodied in the obstruction of justice related to this matter, the State Courts proceeded in the complete absence of jurisdiction after the removal of *Huminski v. Gilbert* and the contempt allegations therein (captioned as *State of Florida v. Huminski*) to the U.S. District Court (Bankruptcy Unit, Middle District of Florida), Adversary Proceeding 9:17-ap-00509-FMD, 6/26/2017. After being divested of jurisdiction via federal removal, the State Courts in both *Huminski v. Gilbert* and *State of Florida v. Huminski* merrily proceeded to exhibit complete disdain for the powers, authority and jurisdiction of the Federal Courts and held a hearing. Obstruction of Justice related to service in this matter is simply a

furtherance of Florida's utter disdain for the Federal Courts and federal law including Title 11. Three days after removal, a hearing was held in the State courts in *Gilbert* and *State v. Huminski* on 6/29/2017 whereby the State judge was alerted to the removal (which was already docketed in both the State of Federal Courts), her response follows along with the docketing in Bankruptcy court,

**U.S. Bankruptcy Court**
**Middle District of Florida (Ft. Myers)**
**Adversary Proceeding #: 2:17-ap-00509-FMD**

*Assigned to:* Chief Judge Caryl E. Delano
*Lead BK Case:* 17-03658
*Lead BK Title:* Scott Alan Huminski
*Lead BK Chapter:* 7
*Demand:*

*Date Filed:* 06/26/17
*Date Terminated:* 08/24/17
*Date Removed From State:* 06/26/17

*Nature[s] of Suit:* 01 Determination of removed claim or cause

***Plaintiff***

**Scott Alan Huminski**
24544 Kingfish Street
Bonita Springs, FL 34134
239-300-6656
SSN / ITIN: xxx-xx-4327

represented by **Scott Alan Huminski**
PRO SE

V.

***Defendant***

**Town of Gilbert, AZ**

represented by **Town of Gilbert, AZ**
PRO SE

THE DEFENDANT: This case has been removed to bankruptcy court, so I'm not good with that.

THE COURT: Pardon me?

THE DEFENDANT: This case has been removed to bankruptcy court --

THE COURT: This case hasn't been removed to any place, Mr. Huminski.

THE DEFENDANT: Under bankruptcy rule 9027 --

THE COURT: Mr. Huminski, A, you're not a lawyer and, B, this case doesn't get removed to bankruptcy court. That's not how the law works. Okay. You need to --

(Transcript excerpt from https://edca.2dca.org/DcaDocs/2019/1914/2019-1914_Brief_530010_RC09.pdf at pages 2235-2236) The divestiture of jurisdiction and removal documented above and the colloquy that occurred on 6/29/2017 at the State Court hearing 3 days after removal clearly and abundantly exemplify the position of the State of Florida concerning the federal judiciary – they can pound sand along with federal law such as Title 11 and the First Amendment. The same is true with the obstruction of justice targeting service in this matter. The State of Florida's disdain for the federal courts and federal law is obvious.

State v. Huminski was a *sui generis* common law contempt prosecution not brought under a State criminal statute. Even if State v. Huminski was a criminal murder case, after removal, the State of Florida would have had to wait to proceed after remand by the bankruptcy court likely pursuant to federal abstention doctrines – not plow ahead 3 days after removal. No set of circumstances would have lawfully allowed the above courthouse colloquy after removal, nor does any set of circumstances allow threats issued against service in this matter which constitutes a depraved moral turpitude prohibited by a pot-pourri of federal criminal statutes abundantly set forth in Title 18.

The crimes set forth herein are a stunningly obvious *per se* violation of the continuing criminal offense doctrine. Securing the State Court injunctive gag order required cooperation between prosecutors, courthouse staff and the presiding State judges that was later endorsed, aided and abetted in 2021-2022 by Defendant DeSantis with the assistance of his Attorney General, Ashley Moody. See Generally Paper #23. Conspiracies are prime examples of the continuing criminal offense doctrine.

A conspiracy is deemed to continue until its purpose has been achieved or abandoned. *See* United States v. Northern Imp. Co., 814 F.2d 540 (8th Cir. 1987); United States v. Coia, 719 F.2d 1120 (11th Cir. 1983), *cert. denied*, 466 U.S. 973 (1984). The Governor and Attorney General Moody engaged in litigation in 2021-2022 and did not wish the gag order disturbed and took every measure to ensure the injunctive gag order survived and thrived. See generally

*Intervention Motion*, paper 23. The injunctive gag order has not been abandoned. Since the injunctive gag order's language extends for the remainder of Huminski's life, it's goal will only be achieved upon the death of Huminski.

This case should be heard without tampering, manipulation, corruption or obstruction by the State of Florida which has been standard operating procedure since the injunction was issued in 2018 that led to Huminski's incarceration in 2019. The State of Florida has not abandoned the injunctive gag order. Final judgments containing permanent injunctions can not simply be abandoned. Instead of abandonment, the Governor's position in State Court matters in 2021-2022 placed him in the position of an accessory after-the-fact and aiding and abetting the obstruction. See Generally *Intervention Motion*, Paper 23, also memorialized at https://edca.3dca.flcourts.org/DcaDocs/2021/1920/2021-1920_Notice_255419_DK15A202D20Notice20of20Filing.pdf

Enlargement of Time:

Extreme mailing delays by the Court should extend Huminski's time deadlines set forth in the Rules by 10 days. The practice of the Court to hold dispositive orders for 4 or more days prior to mailing should be discontinued. It unduly prejudices the parties.

**WHEREFORE**, the Court should forward the obstruction of service in this matter and other herein mentioned crimes to Federal law enforcement and enlarge all time deadlines by 10 days.

Dated at Flagler County, Florida this 21st day of May, 2023.

Scott Huminski, pro se
P.O. Box 353820
Palm Coast, FL 32135
(239) 300-6656
S_Huminski@live.com

Certificate of Service

Copies of this document and any attachment(s) was served upon the parties via the U.S. Mails and/or email and/or the e-filing system in this case except service upon parties prohibited by Gag Order **have not been served** because of the looming threats of prosecution and incarceration for contempt embodied in the Gag Order.

Dated this 21st day of May, 2023.

Scott Huminski

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK
111 NORTH ADAMS STREET, SUITE 322
TALLAHASSEE, FLORIDA 32301-7717
OFFICIAL BUSINESS

TALLAHASSEE FL 323
8 MAY 2023 PM 3 L

$0.600
US POSTAGE
FIRST-CLASS

SCOTT HUMINSKI
P.O. BOX 353820
PALM COAST, FL 32135

32135-353820


F
U.S. POSTAGE
$3.52
FCM
32137
Date of sale
05/21/23
02
SSK
9813350504
USPS FIRST-CLASS MAIL®
SCOTT HUMINSKI
PO BOX 353820
PALM COAST FL 32135-3820
1.40 oz
RDC 29
SHIP TO:
CLERK
U.S. DISTRICT COURT
1 N. PALAFOX STREET, ROOM 226
PENSACOLA FL 32502
USPS TRACKING® NUMBER
9516 4066 9811 3141 6164 93