**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

WALT DISNEY PARKS AND RESORTS U.S., INC.,

*Plaintiff*,

v.

RONALD D. DESANTIS, in his official capacity as Governor of Florida, et al.,

*Defendants*.

Case No. 4:23-cv-163-AW-MJF

**CFTOD DEFENDANTS' MOTION TO ABSTAIN OR DISMISS**

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1),[1] 12(b)(6), and the doctrine of *forum non conveniens*, Defendants Martin Garcia, Charbel Barakat, Brian Aungst Jr., Ron Peri, Bridget Ziegler, and Glenton Gilzean, Jr., respectfully move the Court to abstain from reaching the merits and stay this case until the underlying and unsettled questions of state law have been resolved, or alternatively, to dismiss Plaintiff's First Amended Complaint. For the reasons stated in

[1] Out of an abundance of caution, CFTOD Defendants invoke Rule 12(b)(1) for their request for abstention given the unsettled question of the precise vehicle for an abstention motion. *See Trump for President, Inc. v. Boockvar*, 481 F. Supp. 3d 476, 487 (W.D. Pa. 2020) ("When it comes to motions requesting abstention under one or more of the various abstention doctrines recognized by the Supreme Court, courts have disagreed on what standard to apply—Rule 12(b)(1), Rule 12(b)(6), or neither.").

Defendants' memorandum in support of this motion, the Court should abstain and stay this case until the validity of the Development Agreement and Restrictive Covenants are resolved in state court under state law. Alternatively, the Court should dismiss the case under the doctrine of *forum non conveniens* due to the forum-selection clause that requires Disney to bring these claims in the circuit court for Orange County, Florida. Lastly, all of Disney's claims fail as a matter of law—primarily (though not exclusively) due to the fact that the Development Agreement and Restrictive Covenants are void as a matter of Florida law and therefore have never had any legal force or existence. For these reasons and the reasons explained in Defendants' memorandum, the Court should grant this motion.

Dated: June 26, 2023

Respectfully submitted,

Jason Gonzalez (No. 146854)
LAWSON HUCK GONZALEZ PLLC
215 S. Monroe Street
Suite 320
Tallahassee, FL 32301
Tel: (850) 825-4334
jason@lawsonhuckgonzalez.com

/s/ Charles J. Cooper
Charles J. Cooper (No. 248070DC)
David H. Thompson (No. 450503DC)
Peter A. Patterson (*Pro Hac Vice*)
Megan M. Wold (*Pro Hac Vice*)
Joseph O. Masterman (No. 1004179)
John D. Ramer (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
mwold@cooperkirk.com

jmasterman@cooperkirk.com
jramer@cooperkirk.com

*Counsel for Defendants Martin Garcia, Charbel Barakat, Brian Aungst Jr., Ron Peri, Bridget Ziegler, and Glenton Gilzean, Jr.*

## LOCAL RULE 7.1(F) CERTIFICATION

In accordance with Local Rule 7.1(F), the undersigned counsel hereby certifies that the foregoing Defendants' Motion to Dismiss, including body, headings, quotations, and footnotes, and excluding those portions exempt by Local Rule 7.1(F), contains 277 words as measured by Microsoft Office for Word 365.

                                                          s/     Charles J. Cooper
                                                               Charles J. Cooper