IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

WALT DISNEY PARKS AND RESORTS U.S., INC.,

   Plaintiff,

v.

RONALD D. DESANTIS, et al.,

   Defendants.

Case No. 4:23-cv-00163-AW-MJF

**JOINT REPORT OF THE PARTIES' R. 26(f) CONFERENCE**

**I. CONFERENCE OF THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's June 2, 2023 Scheduling Order (ECF No. 48), a meeting of counsel was held by videoconference on June 15, 2023. This meeting was attended by counsel for Plaintiff and Defendants. As directed in the June 2 Order, counsel addressed the matters set out in Rules 16(b)(3)(A), 16(b)(3)(B), 16(c)(2), 26(f)(2), and 26(f)(3).

**II. DISCOVERY PLAN**

  a. Timing and phasing of discovery:

    i. Plaintiff's position is that the parties should proceed to conduct discovery in accordance with the Local Rules and Federal Rules of Civil Procedure, including conferring in good faith on issues that may arise relating to discovery.

1

1. Plaintiff proposes the following schedule:

   a. Exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by 21 days after submission of this Joint Report – July 18, 2023.

   b. Fact discovery completed by January 15, 2024.

   c. Expert disclosures made no later than January 15, 2024, and expert discovery completed by March 15, 2024.

2. Plaintiff opposes staying discovery during the pendency of Defendants' motions to dismiss.  "Generally, motions to stay discovery are disfavored by the Court because stays typically delay resolution of a case and extend the life of a case beyond an acceptable time period." *McMillan v. Dep't of Corr.*, 2013 WL 11762140, at *2 (N.D. Fla. Oct. 21, 2013).  The party seeking a stay "bears the burden of showing good cause and reasonableness." *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (citation omitted).  Contrary to Defendants' assertions, "[t]he pendency of the motion to dismiss, by itself, does

not supply good cause or reasonableness for the requested stay." *White v. Venice HMA, LLC*, 2022 WL 17417624, at *1 (M.D. Fla. Dec. 5, 2022). Instead, "the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock*, 2009 WL 2579307, at *2.

3. Here, staying discovery will cause substantial harm. The gravamen of Plaintiff's complaint is that Defendants have violated Plaintiff's fundamental rights by inflicting *ongoing* retaliation for protected speech and impairing contracts that *remain* impaired. The very relief Plaintiff seeks is a declaratory judgment that the *present* state of affairs is unconstitutional. This is precisely the case where delayed discovery, and thus delayed adjudication of the parties' rights, causes harm.

4. This harm is not justified by any "immediate and clear possibility that" Defendants' motions to dismiss or stay will prevail. *See id.* To the contrary, the motions are unlikely to be granted, for at least four reasons. *First*,

3

      Defendants ignore precedent establishing that a court may consider a legislature's retaliatory motive in adjudicating a challenge to a targeted act of retaliation. *Second*, Defendants assert no legitimate defense to the outright abrogation of Plaintiff's legitimate and ordinary economic development contracts. *Third*, neither the mandatory elements or discretionary factors relevant to abstention under the *Pullman* doctrine are satisfied here. *Fourth*, the State Defendants' standing and immunity arguments on their face do not justify a stay of proceedings as to the CFTOD defendants, and they are wrong on their merits because the State Defendants have an instrumental role in the appointment and ongoing supervision of what Plaintiff alleges is an unlawfully constituted government entity.

ii. Defendants' position is that discovery should be stayed pending the outcome of Defendants' motions to dismiss, which Defendants filed yesterday. If granted, the motions to dismiss would result in Plaintiff's complaint being entirely dismissed, or, at the very least, a stay pending the outcome of state court

proceedings (which may also require the complaint to be dismissed). It is appropriate to stay discovery pending a dispositive motion where, as here, "a preliminary peek at the motions to dismiss reveals Defendants have raised meritorious challenges to the legal sufficiency of the" complaint. *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006); *see also Tillman v. Ally Financial Inc.*, No. 2:16-cv-313-FtM-99CM, 2016 WL 9488774, at *2-3 (M.D. Fla. Oct. 18, 2016) (similar). A stay of discovery would not materially harm the parties, who will proceed with discovery expeditiously in the event there are claims that survive the motions to dismiss, and it would avoid wasting resources related to discovery, including judicial resources, given "the possibility that the motion will be granted and entirely eliminate the need for … discovery." *Yerk v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2010 WL 1730754, at *1 (M.D. Fla. April 28, 2010). Because Defendants believe discovery should be stayed pending the outcome of the motions to dismiss, Defendants also believe it is premature to set a schedule for discovery. If, however, the Court is inclined to set a discovery schedule,

Defendants propose the following schedule, which will provide sufficient time to litigate, in both this Court and the appellate courts, the important privilege and apex-doctrine issues that are bound to arise here, *see infra* § II.d:

1. Exchange Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by September 18, 2023.
2. Fact discovery completed by January 3, 2025.
3. Expert disclosures made no later than January 3, 2025, and expert discovery completed by March 14, 2025.

b. Subjects on which discovery may be needed: The parties expect discovery as to any facts raised in the Complaint or in responsive pleadings, as outlined in greater detail in § IV, below.

c. Disclosure or discovery of electronically stored information:

  i. The parties will negotiate and propose to the Court an ESI/discovery protocol and a protective order to govern the production of documents and other information in this case.

  ii. The parties agree that productions shall include data and metadata reasonably available in the ordinary course of business, as further specified in the forthcoming ESI/discovery protocol.

  iii. The parties agree to take reasonable measures to preserve potential evidence including potentially discoverable data from alteration or destruction.

  iv. The parties agree to the exchange of documents and information in the format to be specified in the forthcoming ESI/discovery protocol.

  v. The parties do not presently anticipate exceptional issues relating to the discovery of electronically stored information.

 d. Claims of privilege or work product protection:

  i. The parties will address claims of privilege and work product by production of privilege logs, as to be further specified in the ESI/discovery protocol.  The parties do not anticipate any exceptional issues regarding work product, though the parties do anticipate disputes over legislative and executive privilege and the apex doctrine.

 e. Anticipated discovery:

  i. Plaintiff

   1. Plaintiff intends to seek document discovery and written discovery from Defendants.

  2. Plaintiff intends to disclose expert witnesses and to seek discovery of any expert witnesses disclosed by Defendants.

  3. Plaintiff will seek to depose Defendants, any experts designated by Defendants, and any other fact witnesses who may have relevant information related to Plaintiff's claims or Defendants' defenses.

  4. Plaintiff may seek third-party discovery from individuals or entities with information relevant to Plaintiff's claims or Defendants' defenses.

 ii. Defendants

  1. Defendants believe it is premature to determine the scope of anticipated discovery in light of the motions to dismiss filed yesterday. The scope of discovery will be dictated by the claims that remain following the disposition of those motions, if any.

## III. PROPOSED CASE SCHEDULE

a. Plaintiff proposes the following case schedule:

 i. Initial disclosures. The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(c) by July 18, 2023.

  ii. As set forth above in § II(a), Plaintiff proposes that fact discovery be completed by January 15, 2024.

  iii. As set forth above in § II(a), Plaintiff proposes that expert disclosures be made no later than January 15, 2024, and expert discovery be completed March 15, 2024.  The last day to file motions under R. 702 shall be April 1, 2024.

  iv. Plaintiff proposes that the last date for the parties to amend the pleadings or join parties will be December 31, 2023.

  v. Plaintiff proposes that early mediation may be beneficial in this case, and Plaintiff proposes a deadline of November 1, 2023, for mediation.

  vi. Plaintiff proposes that Motions for Summary Judgment and Motions for Judgment on the Pleadings shall be due April 1, 2024.

  vii. Plaintiff submits that scheduling the pretrial conference, witness list, trial briefs, deposition designations, and final objections is at this time premature and shall be as required by the Court under the Court's Pretrial Order or by other means.

  viii. Plaintiff suggests that matters be referred to the assigned magistrate judge for initial determination, at the Court's discretion.

  ix. Plaintiff anticipates ten days for trial.

  x. Plaintiff's suggested trial date is July 15, 2024.

b. Defendants believe it is premature to set a case schedule in light of the pending motions to dismiss, which may result in the complaint being entirely dismissed or significantly narrowed. Defendants propose that, in the event claims remain after a decision on the motions to dismiss, the parties shall meet and confer following such ruling to propose a case schedule. If, however, the Court is inclined to set a case schedule, Defendants propose the following schedule, which will provide sufficient time to litigate, in both this Court and the appellate courts, the important privilege and apex-doctrine issues that are bound to arise here, *see infra* § II.d:

  i. Initial disclosures. The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(c) by September 18, 2023.

  ii. As set forth above in § II.a.ii., Defendants propose that fact discovery be completed by January 3, 2025.

 iii. As set forth above in § II.a.ii., Defendants propose that expert disclosures be made no later than January 3, 2025, and expert discovery be completed March 14, 2025. The last day to file motions under R. 702 shall be April 1, 2025.

 iv. The last date for the parties to amend the pleadings or join parties will be December 31, 2024.

 v. Defendants at this time do not believe mediation would be productive in this case.

 vi. Defendants propose a deadline of December 1, 2024 for Motions for Judgment on the Pleadings.

 vii. Defendants propose the following schedule for Motions for Summary Judgment:

  1. Plaintiff's Motion for Summary Judgment due by April 1, 2025;

  2. Defendants' Combined Cross-Motion for Summary Judgment and Response to Disney's Motion due by May 1, 2025;

  3. Plaintiff's Combined Response and Reply due by May 15, 2025;

        4. Defendants' Reply to Disney's Response due by May 29, 2025.

   viii. Defendants agree that scheduling the pretrial conference, witness list, trial briefs, deposition designations, and final objections is at this time premature and shall be as required by the Court under the Court's Pretrial Order or by other means.

   ix. Defendants oppose matters being referred to the assigned magistrate judge for initial determination.

   x. Defendants' suggested trial date is August 4, 2025.

## IV.  NATURE AND BASIS OF THE PARTIES' CLAIMS AND DEFENSES

The principal factual and legal issues in dispute are:

  a. Plaintiff:

    i. Whether Plaintiff's statements about contemplated legislation, including House Bill 1557, were speech protected by the First Amendment;

    ii. Whether Defendants retaliated against Plaintiff for its statements about contemplated legislation by:

       1. Dissolving Reedy Creek Improvement District ("RCID");

       2. Establishing the Central Florida Tourism District ("CFTOD");

    3. Voiding and impairing contracts entered into by Plaintiff and RCID;

    4. Taking additional actions through and relating to CFTOD to impede Plaintiff's operations, injure Plaintiff's financial interests or reputation, or otherwise harm Plaintiff;

    5. Taking additional actions to harm Plaintiff as may be identified during the progress of this case; and

    6. Other matters raised in Plaintiff's First Amended Complaint.

iii. Whether Defendants' retaliation would dissuade a person of ordinary firmness from making similar statements;

iv. Whether any non-retaliatory rationales that Defendants may offer for their actions are merely pretextual;

v. Whether Defendants' cancellation of contracts entered into by RCID and Plaintiff interfered with those contracts in violation of the Contracts Clause, Due Process Clause, and/or Takings Clause of the United States Constitution;

vi. Any other facts and questions raised by the Complaint;

  vii. Any other facts and questions raised by any responsive pleading by Defendants.

b. Defendant:

  i. Whether the Court should abstain from deciding this case because unsettled questions of Florida law are currently being litigated in state court and may be dispositive of the federal constitutional claims raised in the complaint.

  ii. Whether the case should be dismissed under the doctrine of *forum non conveniens* because a forum-selection clause governs the complaint and permits suit only in Orange County state court.

  iii. Whether Plaintiff lacks standing to sue the State Defendants (Governor DeSantis and Secretary Ivey).

  iv. Whether Plaintiff's claims against the State Defendants are barred by sovereign immunity.

  v. Whether Plaintiff's claims against the Governor are barred by legislative immunity.

  vi. Whether the contracts at issue in the complaint (the Development Agreement and Restrictive Covenants) are not valid contracts, and as such, cannot form the basis of any

       retaliation claim under the First Amendment or any claim under the Contracts Clause, Takings Clause, and/or Due Process Clause.

vii. Whether the Legislative Declaration merely declares that the Development Agreement and Restrictive Covenants are void and therefore cannot support a claim under the Contracts Clause, Takings Clause, and/or Due Process Clause.

viii. Whether the Development Agreement and Restrictive Covenants are not protected by the Contracts Clause because they delegate sovereign power to a private entity.

ix. Whether Plaintiff has a property interest in the Development Agreement or Restrictive Covenants because they are void.

x. If Plaintiff has a property interest in the Development Agreement or Restrictive Covenants, whether it is subject to subsequently enacted state law, which abrogates those agreements.

xi. Whether or not Defendants have impaired Plaintiff's alleged contract rights such that a taking has occurred.

    xii.   Whether Plaintiff is entitled to equitable relief as a matter of law with regard to Plaintiff's Takings Clause claim, for which Plaintiff seeks only equitable relief.

    xiii.   Whether the Legislative Declaration and Senate Bill 1604 are supported by a rational basis such that they do not violate the Due Process Clause.

    xiv.   Whether Plaintiff's First Amendment retaliation claims are foreclosed by precedent because the allegedly illicit motives of lawmakers cannot form the basis of a First Amendment claim.

    xv.   Whether the First Amendment constrains Florida's efforts to reconstitute regulatory entities.

    xvi.   Whether the Legislative Declaration is government speech that had no adverse effect on Plaintiff.

## V. OTHER MATTERS

At the present time, there are no additional matters the parties wish to raise with the Court through this Report.

Dated:  June 27, 2023

ALAN SCHOENFELD
(*pro hac vice*)
New York Bar No. 4500898
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. (212) 937-7294
alan.schoenfeld@wilmerhale.com

ADAM COLBY LOSEY
LOSEY PLLC
Florida Bar No. 69658
1420 Edgewater Drive
Orlando, FL 32804
Tel. (407) 906-1605
alosey@losey.law

Respectfully submitted,

DANIEL M. PETROCELLI
(*pro hac vice*)
California Bar No. 97802
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel. (310) 246-6850
dpetrocelli@omm.com

JONATHAN D. HACKER
(*pro hac vice*)
District of Columbia Bar
No. 456553
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel. (202) 383-5285
jhacker@omm.com

STEPHEN D. BRODY
(*pro hac vice*)
District of Columbia Bar
No. 459263
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel. (202) 383-5285
sbrody@omm.com

*Attorneys for Plaintiff Walt Disney Parks and Resorts U.S., Inc.*

| | |
|---|---|
| Jason Gonzalez (No. 146854) | /s/ Charles J. Cooper |
| LAWSON HUCK GONZALEZ PLLC | Charles J. Cooper (No. 248070DC) |
| 215 S. Monroe Street | David H. Thompson (No. 450503DC) |
| Suite 320 | Peter A. Patterson (*Pro Hac Vice*) |
| Tallahassee, FL 32301 | Megan M. Wold (*Pro Hac Vice*) |
| Tel: (850) 825-4334 | Joseph O. Masterman (No. 1004179) |
| jason@lawsonhuckgonzalez.com | John D. Ramer (*Pro Hac Vice*) |
| | COOPER & KIRK, PLLC |
| | 1523 New Hampshire Avenue, N.W. |
| | Washington, D.C. 20036 |
| | Tel: (202) 220-9600 |
| | Fax: (202) 220-9601 |
| | ccooper@cooperkirk.com |
| | dthompson@cooperkirk.com |
| | ppatterson@cooperkirk.com |
| | mwold@cooperkirk.com |
| | jmasterman@cooperkirk.com |
| | jramer@cooperkirk.com |

*Counsel for Defendants Martin Garcia, Charbel Barakat, Brian Aungst Jr., Ron Peri, Bridget Ziegler, and Glenton Gilzean, Jr.*

Case 4:23-cv-00163-AW-MJF   Document 53   Filed 06/27/23   Page 19 of 19

ASHLEY MOODY
  *Attorney General of Florida*

JOHN GUARD (FBN 374600)
  *Chief Deputy Attorney General*

JAMES H. PERCIVAL (FBN 1016188)
  *Chief of Staff*

*/s/ Henry C. Whitaker*
HENRY C. WHITAKER (FBN 1031175)
  *Solicitor General*

DANIEL W. BELL (FBN 1016188)
  *Chief Deputy Solicitor General*

DAVID M. COSTELLO (FBN 1004952)
  *Deputy Solicitor General*


OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, FL 32399
(850) 414-3300
*henry.whitaker@myfloridalegal.com*

*Counsel for Governor DeSantis and Secretary Ivey*

19