# EXHIBIT 1

IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**CENTRAL FLORIDA TOURISM OVERSIGHT DISTRICT,**

**Plaintiff,**

v.   CASE NO.: 2023-CA-011818-O

**WALT DISNEY PARKS AND RESORTS U.S., INC.,**

**Defendant.**

_____/

**PLAINTIFF'S AMENDED RESPONSE IN OPPOSITION
TO "DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S [CORRECTED]
COMPLAINT AS MOOT OR, IN THE ALTERNATIVE, TO STAY THIS ACTION"[1]**

Because this case is not moot and a stay is not proper, Plaintiff Central Florida Tourism Oversight District (the "District") respectfully requests that the Court deny the "Motion to Dismiss Plaintiff's [Corrected] Complaint as Moot or, in the Alternative, to Stay this Action" filed by Defendant Walt Disney Parks and Resorts U.S., Inc. ("Disney").

**INTRODUCTION**

Disney's motion is classic Imagineering, inviting the Court to make believe that reality is whatever Disney dreams up.

Disney first tells this Court that Senate Bill 1604 is a valid law that moots the District's claims. But to make this argument, Disney must hope that this Court will ignore Disney's claim in federal court that S.B. 1604 is unconstitutional. In reality, the District's suit is a live

---

[1] This amended response attaches Exhibits 1 and 2, which were inadvertently not attached to the response when it was filed on June 19, 2023.

1

claims even though the state law questions "may be relevant in the final resolution of the federal lawsuit").

Moreover, four out of five of Disney's federal claims ask the federal court to assume that the Agreements are valid. Those federal claims become moot and no relief can be issued against the District officials if this Court declares that the Agreements are void—which, again, is a pure matter of state law over which the federal court lacks concurrent jurisdiction. *See Sebor*, 706 So. 2d at 54 (concluding principle of priority does not apply where "[t]he crux of the controversy" differs between the state and federal lawsuits).

### D. Exceptional Circumstances Would Warrant Denying A Stay.

Even when the priority principle applies, a court has discretion to deny a stay when exceptional circumstances exist. *In re Guardianship of Morrison*, 972 So. 2d 905, 910 (Fla. 2d DCA 2007). "The most common example of such special circumstances is undue delay by the court with priority." *Id.*

Delay in this case is untenable because the District is a local governmental entity that should be exercising its lawful powers for the good of all citizens of the District, as required by Florida law. The Agreements purport to tie the District's hands and to prevent it from governing in ways—for example, through zoning regulations—that Disney disfavors. The ongoing uncertainty caused by Disney's attempt to straitjacket the District in this way needs to be clarified quickly so that the District can get on with the business of government without Disney claiming that the Agreements hamstring the District's legislative authority. The state-law issues in this suit are straightforward, most do not require any factual development, and the District will soon seek a final summary judgment. That Disney decided to file a federal suit is no reason to prevent the District from receiving finality on the state law questions at issue in this case. After

15