UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| WALT DISNEY PARKS AND RESORTS U.S., INC., <br><br> Plaintiff, <br><br> -v- <br><br> RONALD D. DeSANTIS, in his official capacity as Governor of Florida, *et al*. <br><br> Defendants. | Case No. 4:23-cv-00163 |

**FORMER GOVERNORS, SENIOR GOVERNMENT ATTORNEYS, AND OTHER OFFICIALS' UNOPPOSED MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

Proposed *amici curiae*, former state and federal public servants including state governors, senior government attorneys, and other high-level public servants,[1] respectfully seek leave to file the attached brief in support of Plaintiff and in opposition to Defendants' Motions to Dismiss the above-captioned lawsuit.  *See* ECF Nos. 49, 50.  Pursuant to Local Rule 7.1(B), counsel for *Amici* conferred with counsel for Plaintiff and Defendants prior to filing this motion. No party opposes this request for leave to file.

---

[1] *Amici* are listed in Appendix A of the enclosed brief.

## MEMORANDUM OF LAW

"An *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that may assist the court beyond that which the parties may provide. *Florida by & through McCollum v. United States Dep't of Health & Human Services*, 3:10-CV-91-RV/EMT, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010) (*citing Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J.; chambers opinion)). Whether to allow any *amicus* to participate in a case is within the Court's sole discretion. *Id. (citing Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.,* 940 F.2d 792, 808 (3d Cir. 1991) (internal citation omitted)). However, such briefs are particularly in cases that involve issues of public interest. *See, e.g.*, *Mobile Cnty. Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.,* 567 F. Supp. 2d 1342, 1344 n.1 (S.D. Ala. 2008), aff'd, 564 F.3d 1290 (11th Cir. 2009) (*citing Newark Branch, N.A.A.C.P.,* 940 F.2d at 808); *see also* 4 Am. Jur. 2d Amicus Curiae § 3 ("Another factor courts consider is whether the case has broad implications or is of general public interest.")

The former elected and appointed public officials constituting *Amici* are eminently qualified to assist the Court in understanding both the legal and, more importantly, the practical elements of the executive's role in engaging in policy disputes with the private sector. Each of *Amici* have either wielded the power of

public office or have closely advised those entrusted with such critical responsibilities.  In so doing, *Amici* have engaged in countless policy debates like the one underlying the instant lawsuit, and are uniquely positioned to provide the Court with their perspective on the appropriate ways for an incumbent administration to respond to dissent, in the form of corporate speech (as in this case) or otherwise.  *Amici* are also well-situated to assess the practical ramifications of the actions at issue in this case not only on Plaintiff, but on the social, political, and economic fabric of the State of Florida, as well as the broader practical implications those actions have for the American form of democracy as envisioned by the Founders and enshrined in the Constitution.

    Furthermore, this case is of profound public interest. Of course, given the parties and the subject matter, the dispute itself is high-profile and has garnered an immense about of media attention.  But the issues involved also implicate fundamental aspects of our democracy.  It is a bedrock principle of American democracy and First Amendment law that those in power may not use the authority of their office to punish disfavored speech.  That Defendants here have sought to do so aggressively and publicly renders this case much more than tabloid fodder.  It is in fact a case that squarely implicates some of the country's most cherished freedoms.  As such, it is one where the Court can certainly benefit from the

perspective of those, like *Amici*, who have experienced the rough-and-tumble of politics and policy making firsthand.

In sum, *Amici* represent different political parties, different regions of the country, and different policy preferences. But all agree on one thing of central importance to this litigation: no administration should seek to retaliate, legislatively or otherwise, against its constituents simply for expressing a disfavored viewpoint. To do so is anathema to the First Amendment and severely damaging to the political, social, and economic fabric of the country. *Amici* respectfully request the chance to give the Court the benefit of their experience to explain just how damaging that type of "governance by retaliation" really is.

WHEREFORE, *Amici* respectfully request that this Court grant them leave to file the attached brief.

Dated: August 2, 2023

Respectfully Submitted,

/s/ *Charles D. Tobin*

Charles D. Tobin
Florida Bar No. 816345
Joseph Slaughter
(*pro hac vice* pending)
Ballard Spahr LLP
1909 K Street N.W., 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
tobinc@ballardspahr.com
slaughterj@ballardspahr.com

Norman L. Eisen
(*pro hace vice* pending)
Norman Eisen PLLC
2000 Massachusetts Ave. NW
Washington, DC 20036
Tel: (202) 709-4945
nleisen@normaneisenllc.com

Matthew T. Newton
Florida Bar No. 111679
Older Lundy Koch & Martino LLP
1000 West Cass Street
Tampa, Florida 33606
Telephone: (813) 254-8998
mnewton@olderlundylaw.com

*Attorneys for Amici Curiae*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1, the undersigned certifies that he has conferred with counsel for all parties before filing this motion for leave, and no party contests the motion. The undersigned further certifies that this motion complies with Local Rule 7.1(F). The motion and incorporated memorandum contains 732 words, excluding the case style, signature block, and certificates.

/s/ *Charles D. Tobin*
Charles D. Tobin

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 7.1, the undersigned certifies that on August 2, 2023, he electronically filed this motion with the Clerk of the United States District Court for the Northern District of Florida through its CM/ECF system, which will generate an electronic copy served on all counsel of record.

/s/ *Charles D. Tobin*
Charles D. Tobin
