IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| WALT DISNEY PARKS AND RESORTS U.S., INC.,<br><br>    *Plaintiff*,<br>v.<br><br>RONALD D. DESANTIS, in his official capacity as Governor of Florida, et al.,<br><br>    *Defendants*. | Case No. 4:23-cv-163-AW-MJF |

**CFTOD DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(J), Defendants submit this notice of supplemental authority regarding developments in the state-court proceeding Defendants have previously highlighted for the Court. *See* Doc. 81-1. In Defendants' motion to dismiss or abstain, they urged the Court to abstain under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), given both the unsettled questions of state law underlying Disney's federal constitutional claims and the ongoing state-court litigation, which will provide an answer to those unsettled questions. *See* Doc. 51-1 at 12-14.

The week after Defendants filed their reply in support of their motion to dismiss or abstain, Disney filed its Answer in that state-court proceeding. *See* Ex. A. In its Answer, Disney raised several counterclaims under the Florida Constitution

1

that mimic the federal constitutional claims it raises here—a Contracts clause claim, a Takings claim, a Due Process claim, and a Free Speech claim. *See id*. at 46-53 (Counts VI-IX). Disney also raised several breach-of-contract counterclaims. *Id.* at 41-46.

This development only underscores the propriety of *Pullman* abstention here. "The purpose of *Pullman* abstention is to avoid unnecessary friction in federal-state functions, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication." *Siegel v. LePore*, 234 F.3d 1163, 1174 (11th Cir. 2000) (en banc) (quotations omitted). Given this purpose, one would be hard-pressed to find a better candidate for *Pullman* abstention than this case. As Defendants previously explained, the State Court's resolution of the questions before it will—at the very least—materially alter nearly all of Disney's claims, which "'implicate matters of the State's sovereignty and are of great interest to its economy and citizenry.'" *See* Doc. 81 at 3-6 (quoting state-court order at 8). And with Disney's newfound constitutional claims under the Florida Constitution, the state-law underpinnings of this dispute have grown even more substantial. Even if there were a theoretical circumstance in which some remnant of this case would still present a live controversy after the State court rules, the Court should exercise its discretion to stay the entire proceeding. *See id.* at 4.

Dated: August 23, 2023

Jason Gonzalez (No. 146854)
LAWSON HUCK GONZALEZ PLLC
215 S. Monroe Street
Suite 320
Tallahassee, FL 32301
Tel: (850) 825-4334
jason@lawsonhuckgonzalez.com

Respectfully submitted,

/s/ Charles J. Cooper
Charles J. Cooper (No. 248070DC)
David H. Thompson (No. 450503DC)
Peter A. Patterson (*Pro Hac Vice*)
Megan M. Wold (*Pro Hac Vice*)
Joseph O. Masterman (No. 1004179)
John D. Ramer (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
mwold@cooperkirk.com
jmasterman@cooperkirk.com
jramer@cooperkirk.com


*Counsel for Defendants Martin Garcia, Charbel Barakat, Brian Aungst Jr., Ron Peri, Bridget Ziegler, and Glenton Gilzean, Jr.*

## LOCAL RULE 7.1(J) CERTIFICATION

In accordance with Local Rule 7.1(J), the undersigned counsel hereby certifies that the foregoing Notice of Supplemental Authority contains 347 words as measured by Microsoft Office for Word 365.

s/     Charles J. Cooper
Charles J. Cooper
