IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| WALT DISNEY PARKS AND RESORTS, U.S., INC.,<br><br>Plaintiff,<br><br>v.<br><br>RONALD D. DESANTIS, in his official capacity as Governor of Florida, *et al.*<br><br>Defendants. | Case No.<br>4:23-cv-00163-AW-MJF |

**PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2), Plaintiff Walt Disney Parks and Resorts, U.S., Inc. ("Disney") respectfully moves the Court for leave to file a Second Amended Complaint withdrawing the First through Fourth Causes of Action without prejudice because the validity of Disney's contract-based claims is being actively litigated in the pending state court action. This federal case will therefore address only the current Fifth Cause of Action, not at issue in the state court case: Disney's First Amendment challenge to the retaliatory reconstitution of the Reedy Creek Improvement District. A copy of Disney's Second Amended Complaint is attached as Exhibit A to this Motion.

1

## BACKGROUND

Disney filed this action on April 26, 2023. Both the original and First Amended Complaints assert five counts. One of the counts challenges a law enacted in violation of Disney's First Amendment rights that replaced the Board of Supervisors of the Reedy Creek Improvement District ("RCID") with five new individuals, all nominated by Florida Governor Ron DeSantis. The other four counts address actions taken by Defendants purporting to void publicly-noticed and duly agreed development contracts.

Five days after Disney filed its original Complaint, the Central Florida Tourism Oversight District ("CFTOD") filed a separate action against Disney in Orange County, Florida Circuit Court, challenging the validity of the development contracts. *Central Florida Tourism Oversight District v. Walt Disney Parks and Resorts U.S., Inc.*, No. 2023-CA-011818-O (Fla. 9th Cir. Ct. May 1, 2023). Disney moved to dismiss CFTOD's lawsuit or in the alternative to stay the state court proceedings so that Disney's first-filed claims related to the contracts could be adjudicated in this Court. But on July 28, 2023, the state court denied Disney's motion. In order to spare the inefficiency of litigating contract validity simultaneously in two forums, Disney's Second Amended Complaint eliminates the four contract-based counts from this action. The remaining claim—challenging the

law reconstituting RCID with the Governor's hand-picked CFTOD Board of Supervisors as a retaliatory weaponization of government in violation of Disney's First Amendment rights—can be fully adjudicated here no matter how the state court rules on Disney's contract claims.

## ARGUMENT

Rule 15(a)(2) provides that where a party has already amended its complaint once as a matter of course, as Disney has here, it may amend with leave of court. Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, as the Eleventh Circuit has made clear, "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute," "unless there is an 'apparent or declared reason' to deny it such as 'undue prejudice to the opposing party.'" *Pinnacle Advertising and Marketing Grp., Inc. v. Pinnacle Advertising and Marketing Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). That standard is easily satisfied here.

There is no prejudice to Defendants.  In fact, Defendants themselves have argued in both this Court and the state court action that the validity of the development contracts should be litigated in state court. *See, e.g.*, CFTOD Defendants' Memorandum of Law in Support of Motion to Dismiss or Abstain, ECF

3

No. 51-1 at 12 (arguing that contract issues "are already being litigated in the Orange County Circuit Court"); CFTOD Defendants' Reply in Support of Motion to Dismiss or Abstain, ECF No. 81 at 1 ("this dispute doubly belongs in state court").

Nor are there any other factors that could justify a departure from the mandate that leave to amend should be freely granted, such as "undue delay, bad faith, dilatory motive, [] repeated failure to cure deficiencies by amendment[] … or [] where amendment would be futile." *Garcia v. Chiquita Brands International, Inc.*, 48 F.4th 1202, 1220-22 (11th Cir. 2022) (citation omitted) (holding that district court's refusal to permit amendment was an abuse of discretion). Disney's motion comes shortly after the state court refused to stay that action and before the parties have engaged in any discovery here. And in a situation where Disney does not seek to add any new claims or to redress some deficiency in the First Amended Complaint, futility is not at issue.

To the contrary, the Second Amended Complaint focuses on a federal constitutional claim, not before the state court: whether Defendants violated the First Amendment when, at the Governor's behest, the State Legislature first voted to dissolve the long-standing RCID through Senate Bill 4C, then ultimately gave control of RCID to the Governor himself through the CFTOD Board when it enacted House Bill 9B. Disney faces concrete, imminent, and ongoing injury as a result of

4

CFTOD's new powers and composition, which are being used to punish Disney for expressing a political view. The Second Amended Complaint challenges this unconstitutional weaponization of government by seeking a declaratory judgment that will allow Disney to pursue its future in Florida free from the ongoing retaliatory actions of the CFTOD Board.

## CONCLUSION

For the foregoing reasons, Disney's Motion should be granted, and Disney should be permitted to file the attached, Second Amended Complaint.

Dated: September 1, 2023

ALAN SCHOENFELD
(*pro hac vice*)
New York Bar No. 4500898
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. (212) 937-7294
alan.schoenfeld@wilmerhale.com

ADAM COLBY LOSEY
LOSEY PLLC
Florida Bar No. 69658
1420 Edgewater Drive
Orlando, FL 32804
Tel. (407) 906-1605
alosey@losey.law

Respectfully submitted,

DANIEL M. PETROCELLI
(*pro hac vice*)
California Bar No. 97802
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel. (310) 246-6850
dpetrocelli@omm.com

JONATHAN D. HACKER
(*pro hac vice*)
District of Columbia Bar
No. 456553
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel. (202) 383-5285
jhacker@omm.com

STEPHEN D. BRODY
(*pro hac vice*)
District of Columbia Bar
No. 459263
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel. (202) 383-5285
sbrody@omm.com

*Attorneys for Plaintiff Walt Disney Parks and Resorts U.S., Inc.*

6

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 1, 2023 a copy of the foregoing has been electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and the parties on the service list.

 

_____
ADAM COLBY LOSEY
LOSEY PLLC
Florida Bar No. 69658
1420 Edgewater Drive
Orlando, FL 32804
Tel. (407) 906-1605
alosey@losey.law
*Attorneys for Plaintiff Walt Disney Parks and Resorts U.S., Inc.*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the requirements of Local Rule 7.1(F) because it contains 846 words.

_____
ADAM COLBY LOSEY
LOSEY PLLC
Florida Bar No. 69658
1420 Edgewater Drive
Orlando, FL 32804
Tel. (407) 906-1605
alosey@losey.law
*Attorneys for Plaintiff Walt Disney Parks and Resorts U.S., Inc.*
