UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| WALT DISNEY PARKS AND RESORTS U.S., INC., <br><br> *Plaintiff*, <br><br> v. <br><br> RONALD DESANTIS, in his official capacity as Governor of Florida, *et al*., <br><br> *Defendants*. | Civil Action No. 4:23-cv-163-AW-MJF |

**CONSENT MOTION AND MEMORANDUM IN SUPPORT FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS IN SUPPORT OF PLAINTIFF WALT DISNEY PARKS AND RESORTS U.S., INC.**

**CONSENT MOTION**

Proposed amicus curiae the Reporters Committee for Freedom of the Press respectfully moves for leave to file the accompanying brief as amicus curiae in support of Plaintiff Walt Disney Parks and Resorts U.S., Inc. Pursuant to Local Rule 7.1(B), counsel for amicus curiae conferred with counsel for the parties and all parties consent to this Motion.

## MEMORANDUM IN SUPPORT

**I.   CORPORATE DISCLOSURE STATEMENT**

The Reporters Committee for Freedom of the Press is an unincorporated association of reporters and editors with no parent corporation and no stock.

**II.   INTEREST OF MOVANT**

The Reporters Committee for Freedom of the Press is an unincorporated nonprofit association founded by journalists and media lawyers in 1970.  Today, its attorneys provide pro bono legal representation, amicus curiae support, and other legal resources to protect and defend First Amendment freedoms and the newsgathering rights of journalists.

This case presents various issues of significant importance to journalists, news media organizations, and the public.  Most importantly, Defendants ask this Court to depart from fundamental First Amendment precedent that prohibits government retaliation against a private speaker for commentary perceived by the state as critical—as Defendants have done here.  As an organization dedicated to protecting the First Amendment freedoms of speech and of the press, amicus has a strong interest in ensuring the availability of relief when the government uses its vast authority in such an unconstitutional manner.

Such efforts to leverage the state's powers against the press have occurred throughout American history and know no party or ideology.  For instance, Lyndon

Johnson forced the publisher of the *Houston Chronicle* to support Johnson's presidential candidacy to secure approval for a merger involving a bank the publisher also controlled. *See* Robert A. Caro, *The Passage of Power* 523–27 (2012). And the Nixon Administration threatened antitrust enforcement against broadcast networks to seek friendlier coverage of the administration. Walter Pincus & George Lardner, Jr., *Nixon Hoped Antitrust Threat Would Sway Network Coverage*, Wash. Post (Dec. 1, 1997), https://perma.cc/C42R-HKN8.

The government also has used other powers against journalists and news organizations in ways that undermine press independence. As the Church Committee documented in the 1970s, successive administrations engaged in the "wiretapping of newsmen" in a manner likely "to undermine the constitutional guarantee of a free and independent press." *S. Select Comm. to Study Governmental Operations with Respect to Intel. Activities, Intelligence Activities and the Rights of Americans*, S. Rep. No. 94-755, bk. II, at 201 (1976). That practice continued into the present. Under the Obama Administration, the Department of Justice secretly subpoenaed telephone records of Associated Press journalists. *See* May 14, 2013 Letter from the Reporters Committee for the Freedom of the Press to Attorney General Eric Holder, https://www.rcfp.org/wp-content/uploads/imported/Media-coalition-letter-re-AP-subpoena.pdf.

Accordingly, the Reporters Committee, as an organization that represents journalists and advocates to protect their legal rights, respectfully writes to emphasize the importance of robust protections against First Amendment retaliation for all speakers, including members of the news media.

### III. DESIRABILITY AND RELEVANCE OF THE PROPOSED BRIEF

The Reporters Committee for Freedom of the Press has extensive experience and expertise in addressing issues of First Amendment law. Since its founding in 1970, the Reporters Committee for Freedom of the Press has filed amicus curiae briefs in First Amendment cases at various levels of state and federal courts, including, as here, in the federal district courts, and has played a role in nearly ever significant case involving the freedom of the press that has come before the Supreme Court during that time.

The news media has persistently sought redress in the courts to protect its interests when subjected to retaliation by government officials. In *Rossignol v. Voorhaar*, for example, the Fourth Circuit rejected efforts to dismiss a suit under 42 U.S.C. § 1983 after sheriff's deputies organized a mass purchase, on the eve of an election, of a newspaper with reporting perceived as unfavorable to the sheriff's office. 316 F.3d 516, 527–28 (4th Cir. 2003). Notably, the court warned that the incident "belongs in a society much different and more oppressive than our own" and that "if we were to sanction this conduct, we would point the way for other state

4

officials to stifle public criticism of their policies and their performance." *Id.* In *El Día v. Rossello*, 165 F.3d 106, 109–10 (1st Cir. 1999), the First Circuit rejected a qualified immunity claim by the Governor of Puerto Rico sued by the island's largest newspaper and held it to be "obvious" that the withdrawal of substantial advertising spending from the newspaper for reporting perceived as critical—along with alleged promises to restore the spending in exchange for favorable coverage—was a clearly established violation of the First Amendment. *Id.*; *see also N. Miss. Commc'ns, Inc. v. Jones*, 792 F.2d 1330, 1337 (5th Cir. 1986) (vacating dismissal of First Amendment retaliation claim by newspaper predicated on withdrawal of advertising). And news organizations brought claims after the Trump Administration suspended the press credentials of multiple reporters in response to their questioning of President Trump and an advisor during press events, making it impossible for those reporters to cover the White House. *See Karem v. Trump*, 960 F.3d 656, (D.C. Cir. 2020).

The proposed brief of the Reporters Committee for Freedom of the Press is particularly desirable in this case because it offers a unique, but necessary, perspective. Here, the government conduct in question targets a public company, but if the State of Florida and its officials succeed in defending their actions against Disney in this case, governments across the country may be emboldened to take action against not only public companies, but journalists, reporters, and the greater

5

news media when they exercise their First Amendment freedoms. The news media has a "special and constitutionally recognized role . . . in informing and educating the public, offering criticism, and providing a forum for discussion and debate." *First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 781 (1978). That role, while "supremely precious," is also "delicate and vulnerable." *NAACP v. Button*, 371 U.S. 415, 433 (1963). The news media's function as an independent check on government means that it may produce reporting perceived as "embarrassing to the powers-that-be," *N.Y. Times Co. v. United States*, 403 U.S. 713, 724 (1971) (Douglas, J., concurring), and the government may try to "censor the press" when it "censure[s] the Government," *id.* at 717 (Black, J., concurring).

If Defendants prevail in this case, those on whose behalf the Reporters Committee for Freedom of the Press advocates will be first in the line of fire given the nature of reporting and the press's role in our constitutional system. As such, the Reporters Committee for Freedom of the Press's proposed brief provides a voice to those not directly involved, but undoubtedly impacted by this case.

For all these reasons, the Reporters Committee for Freedom of the Press is well-positioned to assist this Court in resolving the important issues presented by this case.

## IV. CONCLUSION

For the foregoing reasons, the Reporters Committee for Freedom of the Press respectfully requests that the Court grant this Motion for leave to file the proposed amicus curiae brief in support of Plaintiff Walt Disney Parks and Resorts U.S., Inc. accompanying this Motion.

Dated: October 31, 2023

THOMAS & LoCICERO PL

*/s/ Carol Jean LoCicero*
Carol Jean LoCicero (FBN 603030)
601 South Boulevard
Tampa, FL 33606
Telephone: (813) 984-3060
Facsimile: (813) 984-3070
clocicero@tlolawfirm.com

  - and -

Daniela B. Abratt (FBN 118053)
915 Middle River Drive
Suite 309
Fort Lauderdale, FL 33304
Telephone: (954) 703-3418
Facsimile: (954) 400-5415
dabratt@tlolawfirm.com

Respectfully submitted,

*/s/ Theodore J. Boutrous, Jr.*
THEODORE J. BOUTROUS, JR.
(*PRO HAC VICE*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
TBoutrous@gibsondunn.com

CONNOR S. SULLIVAN
(*PRO HAC VICE*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (213) 351-2459
CSSullivan@gibsondunn.com

BRUCE D. BROWN
KATIE TOWNSEND
GABE ROTTMAN
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
Telephone: (202) 795-9300
Facsimile: (202) 795-9310

bruce.brown@rcfp.org
ktownsend@rcfp.org
grottman@rcfp.org
*Counsel for Amicus Curiae*

## CERTIFICATE OF LOCAL RULE 7.1(C) COMPLIANCE

I hereby certify that I conferred with counsel for both plaintiffs and all defendants seeking consent to file this Motion for leave to file the attached proposed brief of amicus curiae the Reporters Committee for the Freedom of the Press. Counsel for plaintiffs and for all defendants consented to this Motion.

Dated: October 31, 2023                    Respectfully submitted,

                                            */s/ Theodore J. Boutrous, Jr.*
                                            Theodore J. Boutrous, Jr.
                                            *(PRO HAC VICE)*

## CERTIFICATE OF WORD COUNT

Pursuant to Northern District of Florida Rule 7.1(F), I HEREBY CERTIFY that the foregoing Consent Motion And Memorandum In Support For Leave To File Brief Of Amicus Curiae The Reporters Committee For Freedom Of The Press In Support Of Plaintiff Walt Disney Parks And Resorts U.S., Inc., including body, headings, quotations, and footnotes, and excluding those portions exempt by Local Rule 7.1(F), contains 1,151 words as measured by Microsoft Office for Word.

*/s/ Theodore J. Boutrous, Jr.*
THEODORE J. BOUTROUS, JR.
(*PRO HAC VICE*)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2023, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ *Theodore J. Boutrous, Jr.*
THEODORE J. BOUTROUS, JR.
(*PRO HAC VICE*)

11