# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA

WALT DISNEY PARKS AND RESORTS, U.S., INC.,

        Plaintiff,

  v.

RONALD D. DESANTIS, in his official capacity as Governor of Florida; MEREDITH IVEY, in her official capacity as Acting Secretary of the Florida Department of Economic Opportunity; MARTIN GARCIA, in his official capacity as Board Chair of the Central Florida Tourism Oversight District; CHARBEL BARAKAT, in his official capacity as Board Member of the Central Florida Tourism Oversight District; BRIAN AUNGST, JR., in his official capacity as Board Member of the Central Florida Tourism Oversight District; RON PERI, in his official capacity as Board Member of the Central Florida Tourism Oversight District; BRIDGET ZIEGLER, in her official capacity as Board Member of the Central Florida Tourism Oversight District; and GLENTON GILZEAN, JR., in his official capacity as Administrator of the Central Florida Tourism Oversight District,

        Defendants.

Case No. 4:23-cv-00163-AW-MJF

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to Local Rule 7.1(J), plaintiff Walt Disney Parks and Resorts, U.S., Inc. ("WDPR") hereby notifies the Court of the recent decision of the Eleventh Circuit in *Warren v. DeSantis*, No. 23-10459 (11th Cir. Jan. 10, 2024) (attached as Exhibit A), as supplemental authority supporting WDPR's position in this case.

In *Warren*, the Eleventh Circuit reversed an order dismissing a First Amendment retaliation claim against Governor Ron DeSantis. The plaintiff—an elected state attorney—alleged that in retaliation for his protected political speech, the Governor impermissibly suspended him from his position and replaced him with a political ally. According to the Eleventh Circuit, the district court erred in determining that certain of the Governor's justifications for the suspension fell outside the scope of First Amendment protection. Holding that most of the justifications were in fact prohibited retaliation for protected political speech, the Court remanded for further consideration of whether the Governor actually would have suspended plaintiff based solely his non-protected activities. Exh. A, at 37-44, 48. The Court also rejected the Governor's argument that even if the district court found a First Amendment violation on remand, it lacked authority to provide a remedy: "The Eleventh Amendment permits federal courts to remedy First Amendment violations." *Id.* at 48 n.10 (citing cases).

In a concurring opinion, Judge Newsom summarized the core First Amendment values underlying the Court's analysis and holding:

1

> The First Amendment is an inconvenient thing. It protects expression that some find wrongheaded, or offensive, or even ridiculous. But for the same reason that the government can't muzzle so-called "conservative" speech under the guise of preventing on-campus "harassment," *see Speech First, Inc. v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022), the state can't exercise its coercive power to censor so-called "woke" speech with which it disagrees. What's good for mine is (whether I like it or not) good for thine.

*Id.* at 59. The same values are at stake here.

| | |
|---|---|
| Dated: January 11, 2024 | Respectfully submitted, |
| ALAN SCHOENFELD (*pro hac vice*) New York Bar No. 4500898 WILMER CUTLER PICKERING HALE AND DORR LLP 7 World Trade Center 250 Greenwich Street New York, NY 10007 Tel. (212) 937-7294 alan.schoenfeld@wilmerhale.com | */s/ Daniel M. Petrocelli* DANIEL M. PETROCELLI (*pro hac vice*) California Bar No. 97802 O'MELVENY & MYERS LLP 1999 Avenue of the Stars Los Angeles, CA 90067 Tel. (310) 246-6850 dpetrocelli@omm.com |
| ADAM COLBY LOSEY LOSEY PLLC Florida Bar No. 69658 1420 Edgewater Drive Orlando, FL 32804 Tel. (407) 906-1605 alosey@losey.law | JONATHAN D. HACKER (*pro hac vice*) District of Columbia Bar No. 456553 STEPHEN D. BRODY (*pro hac vice*) District of Columbia Bar No. 459263 O'MELVENY & MYERS LLP 1625 Eye Street, NW Washington, DC 20006 Tel. (202) 383-5285 jhacker@omm.com |

*Attorneys for Plaintiff Walt Disney Parks and Resorts U.S., Inc.*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(J)

Pursuant to Local Rule 7.1(J), I hereby certify that this Notice of Supplemental Authority complies with the word count requirement and contains 319 words according to the word count feature of Microsoft Word.

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli
