IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALT DISNEY PARKS AND RESORTS U.S., INC.,

   *Plaintiff*,

v.

RONALD D. DESANTIS, in his official capacity as Governor of Florida, et al.,

   *Defendants*.

Case No. 4:23-cv-163-AW-MJF

## CFTOD DEFENDANTS' RESPONSE TO DISNEY'S NOTICE OF SUPPLEMENTAL AUTHORITY, DOC. 112

In a case controlled by *In re Hubbard*, 803 F.3d 1298 (11th Cir. 2015), Disney submits notice of a recent decision that does not even cite, let alone analyze, *Hubbard*. The Eleventh Circuit's decision in *Warren v. DeSantis*, No. 23-10459 (11th Cir. Jan. 10, 2024), concerned the Governor's exercise of his unilateral constitutional authority to suspend the authority of a county prosecutor. The Governor's independent action, the Court held, was subject to the First Amendment retaliation analysis, and corresponding evidentiary inquiries, articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).

But *this case* involves a First Amendment retaliation challenge to *legislation*—a plainly distinguishable context specifically governed by *Hubbard*.

1

Unlike a challenge to one official's unilateral action, Disney challenges laws enacted by a majority of lawmakers in both houses of the Florida Legislature and approved by both of Florida's political branches. And Disney's challenge does not turn on the text of that legislation; rather, Disney's challenge turns exclusively on the subjective *motivations* of those who enacted the laws at issue. As Defendants have explained, *Hubbard* forecloses that claim because a plaintiff "cannot bring a free-speech challenge by claiming that the lawmakers who passed it acted with a constitutionally impermissible purpose." 803 F.3d at 1312. The Eleventh Circuit's decision in *Warren* says nothing about *Hubbard* or *Hubbard*'s rule foreclosing a retaliation challenge to legislation based solely on the subjective motivations of lawmakers.

For example, Disney closes its notice with a block quote from Judge Newsom's concurring opinion in *Warren*. But Judge Newsom is also the author of the Eleventh Circuit's decision in *NetChoice, LLC v. Florida Attorney General*, 34 F.4th 1196 (11th Cir. 2022), which explained that the Eleventh Circuit has "held— 'many times'—that 'when a statute is facially constitutional, a plaintiff cannot bring a free-speech challenge by claiming that the lawmakers who passed it acted with a constitutionally impermissible purpose.'" *Id.* at 1224 (quoting *Hubbard*, 803 F.3d at 1312). In sum, *Warren* has no effect on this case, and *Hubbard* requires dismissal of Disney's complaint.

| | |
|---|---|
| Dated: January 12, 2024 | Respectfully submitted, |
| Jason Gonzalez (No. 146854)<br>LAWSON HUCK GONZALEZ PLLC<br>215 S. Monroe Street<br>Suite 320<br>Tallahassee, FL 32301<br>Tel: (850) 825-4334<br>jason@lawsonhuckgonzalez.com | /s/ Charles J. Cooper<br>Charles J. Cooper (No. 248070DC)<br>David H. Thompson (No. 450503DC)<br>Peter A. Patterson (*Pro Hac Vice*)<br>Megan M. Wold (*Pro Hac Vice*)<br>John D. Ramer (*Pro Hac Vice*)<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, N.W.<br>Washington, D.C. 20036<br>Tel: (202) 220-9600<br>Fax: (202) 220-9601<br>ccooper@cooperkirk.com<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>mwold@cooperkirk.com<br>jramer@cooperkirk.com<br><br>*Counsel for Defendants Martin Garcia, Charbel Barakat, Brian Aungst Jr., Ron Peri, Bridget Ziegler, and Glenton Gilzean, Jr.* |

## LOCAL RULE 7.1(J) CERTIFICATION

In accordance with Local Rule 7.1(J), the undersigned counsel hereby certifies that the foregoing Notice of Supplemental Authority contains 343 words as measured by Microsoft Office for Word 365.

s/     Charles J. Cooper
Charles J. Cooper