**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**


WALT DISNEY PARKS AND RESORTS US INC

    VS                          USDC NO. 4:23-cv-00163-AW-MJF
                                   USCA NO. _____

RONALD D DESANTIS, et al

### TRANSMITTAL OF NOTICE OF APPEAL

       The following documents are hereby transmitted to the Clerk, U. S. Court of Appeals. The Certified copy of the appeal notice, docket entries, judgment/opinion/order appealed from are enclosed.

First Appeal Notice.
The appellate docket fee paid.  Date paid: 2/1/2024 - Receipt Number AFLNDC-8568137
Judge/Magistrate Judge appealed from: JUDGE ALLEN C WINSOR
Court Reporter(s): Kairisa Magee


Please acknowledge receipt on the enclosed copy of this transmittal to: GAINESVILLE DIVISION

                    JESSICA J. LYUBLANOVITS,
                    CLERK OF COURT

                    s/ KELLI MALU
                    By: <u>Kelli Malu</u>
                    Deputy Clerk
                    401 SE 1st Avenue, Ste 243
February 2, 2024           Gainesville, Florida 32601

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

WALT DISNEY PARKS AND RESORTS, U.S., INC.,

        Plaintiff,

    v.

RONALD D. DESANTIS, in his official capacity as Governor of Florida; MEREDITH IVEY, in her official capacity as Acting Secretary of the Florida Department of Economic Opportunity; MARTIN GARCIA, in his official capacity as Board Chair of the Central Florida Tourism Oversight District; MICHAEL SASSO, in his official capacity as Board Member of the Central Florida Tourism Oversight District; BRIAN AUNGST, JR., in his official capacity as Board Member of the Central Florida Tourism Oversight District; RON PERI, in his official capacity as Board Member of the Central Florida Tourism Oversight District; BRIDGET ZIEGLER, in her official capacity as Board Member of the Central Florida Tourism Oversight District; and GLENTON GILZEAN, JR., in his official capacity as Administrator of the Central Florida Tourism Oversight District,

    Defendants.

Case No. 4:23-cv-00163-AW-MJF

Hon. Allen Winsor

## PLAINTIFF'S NOTICE OF APPEAL

Notice is given that Plaintiff Walt Disney Parks and Resorts, U.S., Inc.

("Disney") hereby appeals to the United States Court of Appeals for the Eleventh

Circuit from the Order Granting Motions to Dismiss (ECF No. 114) and the final

judgment (ECF No. 115) entered by the U.S. District Court for the Northern

District of Florida on January 31, 2024, attached hereto as Exhibits A and B,

respectively.

Dated:  February 1, 2024

Respectfully submitted,

ALAN SCHOENFELD
(*pro hac vice*)
New York Bar No. 4500898
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. (212) 937-7294
alan.schoenfeld@wilmerhale.com

ADAM COLBY LOSEY
Florida Bar No. 69658
LOSEY PLLC
1420 Edgewater Drive
Orlando, FL 32804
Tel. (407) 906-1605
alosey@losey.law

*/s/ Daniel M. Petrocelli*

DANIEL M. PETROCELLI
(*pro hac vice*)
California Bar No. 97802
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Tel. (310) 246-6850
dpetrocelli@omm.com

JONATHAN D. HACKER
(*pro hac vice*)
District of Columbia Bar
No. 456553
STEPHEN D. BRODY
(*pro hac vice*)
District of Columbia Bar
No. 459263
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Tel. (202) 383-5285
jhacker@omm.com

*Attorneys for Plaintiff Walt Disney Parks and Resorts U.S., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 1, 2024, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF filing system, which will automatically send email notification of such filing to all counsel of record.

Dated: February 1, 2024.

Respectfully submitted,

*/s/ Daniel M. Petrocelli*
DANIEL M. PETROCELLI

EXHIBIT A

Case 4:23-cv-00163-AW-MJF Document 114 Filed 01/31/24 Page 1 of 17

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WALT DISNEY PARKS AND**
**RESORTS U.S., INC.,**

      **Plaintiff,**

**v.**                                                   **Case No. 4:23-cv-163-AW-MJF**

**RONALD D. DESANTIS, in his official**
**capacity as GOVERNOR OF FLORIDA,**
**et al.,**

      **Defendants.**

_____/

## ORDER GRANTING MOTIONS TO DISMISS

In 1967, Florida's Legislature created the Reedy Creek Improvement District (RCID), a special improvement district in Central Florida. *See* Ch. 67-764, Laws of Fla. The district is perhaps best known as the home of Walt Disney World, which has operated there for decades. And as the district's largest landowner, Disney[1] has effectively controlled the district's board, whose members were elected based on land ownership. That changed last year, after the Florida Legislature substantially amended the district's governing structure. Now, Florida's Governor selects the board members, subject to Senate confirmation. *See* Ch. 23-5, § 2(4)(1), Laws of Fla. As a result, Disney no longer controls the special improvement district in which

---

[1] This order will refer to Plaintiff Walt Disney Parks and Resorts, Inc., as "Disney," for short.

Case 4:23-cv-00163-AW-MJF   Document 114   Filed 01/31/24   Page 2 of 17

it operates. (That district is now called the Central Florida Tourism Oversight District, or CFTOD. *See id.* § 2(1).)

This change—which works to Disney's significant detriment—came after Disney publicly criticized another Florida law, the Parental Rights in Education Act. In Disney's view, this timing was no coincidence. Disney alleges that the Florida Legislature changed the district's governing structure to punish it for its speech. The issue in this case is whether the Legislature's action constituted unlawful retaliation against Disney's speech in violation of the First Amendment.[2]

Defendants are the Governor, the Secretary of Florida's Department of Commerce,[3] and all members of CFTOD's board. All Defendants moved to dismiss. The Governor and the Secretary argue lack of standing and Eleventh Amendment

---

[2] There are two legislative enactments at issue. In 2022, the Legislature enacted SB 4-C, which would dissolve "any independent special district established by a special act prior to the date of ratification of the Florida Constitution" unless the district was "reestablished, re-ratified, or otherwise reconstituted" before June 1, 2023. Ch. 22-266, § 1(2), Laws of Fla. Absent further legislative action, that would have dissolved RCID altogether. But in February 2023, through HB 9-B, the Legislature reenacted the RCID charter, while renaming the district and amending its governing structure. *See* Ch. 23-5, § 2(4)(1), Laws of Fla. The result is the new governing structure, which Disney challenges.

[3] In its Second Amended Complaint, Disney names "Meredith Ivey, in her official capacity as Acting Secretary of the Florida Department of Economic Opportunity." ECF No. 87. That department has since been renamed to the Department of Commerce, *see* Ch. 23-173, Laws of Fla., and J. Alex Kelly has replaced Ivey. He is therefore automatically substituted as Defendant. Fed. R. Civ. P. 25(d).

immunity. The CFTOD Defendants argue Disney's claim fails on the merits. After a hearing, and having carefully considered the parties' arguments, I now grant both motions.

In short, Disney lacks standing to sue the Governor or the Secretary, and its claims against the CFTOD Defendants fail on the merits because "when a statute is facially constitutional, a plaintiff cannot bring a free-speech challenge by claiming that the lawmakers who passed it acted with a constitutionally impermissible purpose." *In re Hubbard*, 803 F.3d 1298, 1312 (11th Cir. 2015).

## I.

Before proceeding to the merits, a federal court must ensure that it has jurisdiction. "Article III of the United States Constitution limits the 'judicial Power'—and thus the jurisdiction of the federal courts—to 'Cases' and 'Controversies.'" *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019) (en banc) (quoting U.S. Const. art. III, § 2). Because the standing doctrine is "an essential and unchanging part of the case-or-controversy requirement," *id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)), if Disney lacks standing, the court may not consider the merits of its claim, "no matter how weighty or interesting," *id.*

Standing requires three elements: "(1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed

by a favorable decision." *Jacobson v. Fla. Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020) (citing *Lujan*, 504 U.S. at 560-61). At this stage, all Disney must do is allege facts that—if true—would support each element. *See Lujan*, 504 U.S. at 561; *see also Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) (noting need to "sufficiently allege[] a basis" for each element). But because "standing is not dispensed in gross," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021), Disney must show standing as to each Defendant it has sued. As explained below, Disney has alleged enough for standing as to the CFTOD Defendants but not as to the Governor or the Secretary.

Before the legislative amendments, Disney enjoyed voting rights in the district that regulated its property. *See* ECF No. 87 ¶ 39. Now it does not. Now it faces land-use decisions by a board over which it has no control.[4] Disney's loss of control is enough to constitute a constitutional injury. And that injury is clearly traceable to the board that now makes land-use decisions affecting Disney. The last element—redressability—"often travel[s] together" with traceability, *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021), and is also

---

[4] These basic facts appear undisputed, but either way, the court accepts Disney's factual allegations as true at this stage. *See Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

present here. An injunction precluding the CFTOD Board from exercising its authority would redress Disney's injury, at least in part.

The CFTOD Defendants argued, with some force, that an injunction could not restore the prior regime. An injunction could not, they argue, allow Disney to again elect its own governing board.[5] But "the relief sought need not be complete" for standing. *Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 927 (11th Cir. 2023). Instead, even "the ability 'to effectuate a partial remedy' satisfies the redressability requirement." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 13 (1992)). For now, it is enough to say that enjoining the CTFOD Defendants from exercising any authority would at least partially remedy Disney's asserted injury, which includes its operating subject to the new board's control. Disney has alleged enough to show standing to sue the CFTOD Defendants.

Disney has not, though, shown standing to sue the Governor or the Secretary. As to the Governor, Disney alleges traceability on two bases: the Governor's power to appoint CFTOD board members and the Governor's "actual control" over the CFTOD board. ECF No. 98 at 11-19. Neither basis works. To the extent the

---

[5] The CFTOD Defendants did not argue standing in their motion to dismiss. But at the hearing, they adopted the other Defendants' arguments that Disney lacked standing as to all Defendants.

Governor contributed to Disney's injury by appointing CFTOD board members, that action is in the past. Because Disney seeks injunctive relief, it must allege an imminent future injury, *see City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983), and it has not alleged facts showing that any imminent future appointments will contribute to its harm. The analysis could be different if the Governor had not yet made any appointments. But as things stand, if this court enjoined future appointments, Disney would face the same situation it faces now: it would be operating under the CFTOD board, over which it has no control. Stopping hypothetical future appointments would not redress any alleged imminent harm. *City of S. Miami v. Governor*, 65 F.4th 631, 643 (11th Cir. 2023) (finding no standing to sue Governor and noting that plaintiffs had to show Governor's appointment authority "would contribute to their alleged harm").

To the extent Disney contends the Governor is "exercis[ing] actual control over the District Board's actions," ECF No. 98 at 19, its argument fares no better. Allegations that the CFTOD board "operates as a 'state receivership' under the 'Governor's thumb,'" *id.*, are conclusory. Disney has not alleged any specific actions the new board took (or will take) because of the Governor's alleged control. In fact, Disney has not alleged any specific injury from any board action. Its alleged injury, as discussed above, is its operating under a board it cannot control. That injury would exist whether or not the Governor controlled the board, meaning an injunction

6

precluding the Governor from influencing the board would not redress Disney's asserted injury.[6] *See Support Working Animals, Inc.*, 8 F.4th at 1205 (finding no standing because even with a favorable decision, challengers "would remain in the same position they were in when they filed the operative complaint"). Disney has not shown standing to sue the Governor.

Disney also lacks standing to sue the Secretary. Disney struggled to articulate any injury attributable to the Secretary. At best, it contends that the Secretary's duties include "maintain[ing] the Official List of Special Districts." ECF No. 94 at 17 (quoting Fla. Stat. §§ 189.061, 189.012). But that list—or the Secretary's authority in keeping it—does nothing to affect the CFTOD Defendant's authority. Thus, even though ministerial duties can sometimes support standing, *see Strickland v. Alexander*, 772 F.3d 876, 886 (11th Cir. 2014), the Secretary's list-keeping duties here do not.[7]

---

[6] Moreover, because Disney's claim is that the laws are unconstitutional, the remedy would be precluding the law's enforcement. If the Governor were influencing or directing the board's action, he would not be *enforcing* the new law while doing so. *Cf. Jacobson*, 974 F.3d at 1255 (noting that "federal courts have no authority to erase a duly enacted law from the statute books" but may "enjoin executive officials from taking steps to enforce a statute" (quoting Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy*, 104 Va. L. Rev. 933, 936 (2018))).

[7] Because Disney lacks standing to sue the Governor and the Secretary, I need not address those Defendants' Eleventh Amendment or legislative immunity arguments. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999) (noting how courts may "choose among threshold grounds for denying audience to a case on the merits").

7

Accordingly, Disney's claims against the Governor and the Secretary will be dismissed for lack of jurisdiction. The remaining question is whether Disney's claim against the CFTOD Defendants can succeed on the merits.

## II.

"As a general matter, the First Amendment prohibits government officials from subjecting individuals to retaliatory actions after the fact for having engaged in protected speech." *Houston Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022) (cleaned up). But it is settled law that "when a statute is facially constitutional, a plaintiff cannot bring a free-speech challenge by claiming that the lawmakers who passed it acted with a constitutionally impermissible purpose." *Hubbard*, 803 F.3d at 1312. The Eleventh Circuit has "held that many times." *Id.* And this settled law forecloses Disney's claim.

In *Hubbard*, the Eleventh Circuit relied heavily on *United States v. O'Brien*, a leading First Amendment precedent. 391 U.S. 367 (1968). The *O'Brien* plaintiff burned his Selective Service registration certificate to protest the Vietnam War. *Id.* at 369. Charged with violating a statute that prohibited knowingly destroying such certificates, he claimed the statute was unconstitutional because its purpose was to suppress free speech. *Id.* at 370. But the United States Supreme Court rejected his claim. *Id.* at 383. It noted the "hazardous" nature of inquiring into legislative motive, and it declined to void a statute "essentially on the ground that it is unwise legislation

8

which Congress had the undoubted power to enact and which could be reenacted in its exact form if the same or another legislator made a 'wiser' speech about it." *Id.* at 383-84. In other words, because Congress could have criminalized burning draft cards for a legitimate reason, the Court would not consider Congress's actual motivation. It would "not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive." *Id.* at 383.

The Eleventh Circuit applied that clear rule in *Hubbard*. 803 F.3d at 1301. After Alabama enacted a statute restricting payroll deductions for public-employee union dues, a public-employee union and others brought a First Amendment challenge. They contended the Legislature enacted the law to retaliate against the union plaintiff for its political speech. *Id.* at 1301. But on its face, the statute did "not implicate any constitutionally protected conduct," meaning it was facially constitutional. *Id.* at 1313 (quoting *Ala. Educ. Ass'n v. State Superintendent of Educ.*, 746 F.3d 1135, 1139 (11th Cir. 2014)). Plaintiffs' only basis for their claim was "the alleged retaliatory motive that Alabama's lawmakers had" in enacting the law. *Id.* And that was "precisely the challenge that *O'Brien*, and [Eleventh Circuit] decisions following it, foreclose." *Id.* More recently, in *NetChoice, LLC v. Attorney General of Florida*, the Eleventh Circuit reaffirmed the principle from *O'Brien* and *Hubbard*, explaining that "courts shouldn't look to a law's legislative history to find an

illegitimate motivation for an otherwise constitutional statute." 34 F.4th 1196, 1224 (11th Cir. 2022) (citing *Hubbard*).

A straightforward application of *Hubbard* resolves this case. As Disney appropriately acknowledges, the Legislature can determine the structure of Florida's special improvement districts. Disney does not argue that the First Amendment (or anything else) would preclude the Legislature from enacting the challenged laws *without* a retaliatory motivation. *Cf. O'Brien*, 391 U.S. at 384 (noting that "Congress had the undoubted power to enact" the challenged law). The laws here, as in *Hubbard*, do not facially "impinge on any constitutional rights." 803 F.3d at 1313. And as in *Hubbard*, the only basis for the claim here is that the Legislature had a retaliatory motive. So as in *Hubbard*, there is no "cognizable First Amendment claim." *Id.*

Disney resists this conclusion in several ways. But it cannot escape *Hubbard* or its holding.

### A.

First, Disney argues that notwithstanding *Hubbard*, "courts frequently inquire into legislative motive to determine whether a facially constitutional statute was enacted for an impermissible purpose." ECF No. 97 at 23-24. But it relies on race and religion cases, as well as cases involving statutes designed to regulate speech. *Id.* (citing *Bethune-Hill v. Va. State Dd. of Elections*, 580 U.S. 178 (2017) (race-

based redistricting case); *Sorrell v. IMS Health Inc.*, 564 U.S. 552 (2011) (case

involving law with "purpose to suppress speech"); *Church of Lukumi Babalu Aye,*

*Inc. v. Hialeah*, 508 U.S. 520 (1993) (case involving legislative intent to discriminate

against specific religious exercise); *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622

(1994) (case involving intent to suppress speech)). Those cases present different

issues. *See Hubbard*, 803 F.3d at 1312 n.14 ("Our discussion of the *O'Brien* rule is

limited to the context before us: a free-speech retaliation challenge to an otherwise

constitutional statute."). The fact that other types of claims allow evaluation of

legislative purpose does not undermine *Hubbard*'s application here. *Cf. NetChoice*,

34 F.4th at 1225 (noting that although "in the *free-exercise* context, it was

appropriate to look beyond 'the text of the laws at issue' to identify discriminatory

animus against a minority religion[,] . . . NetChoice hasn't cited—and we're not

aware of—any Supreme Court or Eleventh Circuit decision that relied on legislative

history or statements by proponents to characterize as viewpoint-based a law

challenged on *free-speech* grounds"); *cf. Fraternal Ord. of Police Hobart Lodge No.*

*121, Inc. v. City of Hobart*, 864 F.2d 551, 555 (7th Cir. 1988) ("The political process

is not impaired when legislators are merely forbidden to engage in invidious

discrimination. It *is* impaired when legislators are forbidden to favor their supporters and disfavor their opponents.").[8]

## B.

Second, Disney contends that the challenged laws explicitly target it, making *Hubbard* inapplicable. The *Hubbard* principle does not apply when "a law is challenged as a bill of attainder." 803 F.3d at 1312 n.14; *see also O'Brien*, 391 U.S. at 383 n.30. And although Disney does not challenge the laws as bills of attainder, it labels the laws "attainder-like" and seeks to squeeze into the exception. ECF No. 97 at 25.

Disney primarily relies on the Eleventh Circuit's earlier decision in *Georgia Ass'n of Educators v. Gwinnett County School District*, 856 F.2d 142 (11th Cir. 1988), which allowed a First Amendment retaliation claim. But as *Hubbard* noted,

---

[8] In *NetChoice*, the court discussed *Turner, Church of Lukumi Babalu Aye,* and *Sorrell* but concluded that there was "not enough to overcome the clear statements in *Hubbard* and *O'Brien*." 34 F.4th at 1224. Moreover, although *Sorrell* and *Turner* involved free speech claims, they were not retaliation claims, and—at any rate—preceded *Hubbard*. Although Disney does not explicitly argue *Hubbard* was wrong, to the extent Disney contends *Hubbard* is inconsistent with *Sorrell* or *Turner, Hubbard* remains binding nonetheless. *See United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016) (noting that when it comes to binding Circuit precedent, "there is never an exception carved out for overlooked or misinterpreted Supreme Court precedent"); *Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001). Finally, in *Sorrell*, the Court looked specifically to the statute's "formal legislative findings" to "dispel 'any doubt' that the challenged statute was content-based." *See NetChoice*, 34 F.4th at 1225 (quoting *Sorrell*, 564 U.S. at 564-65). Here, Disney does not rely on "formal legislative findings" but only on the allegedly retaliatory motives of those who enacted the challenged laws.

the county's retaliatory action in *Gwinnett County* "explicitly single[d] out a specific group." *Hubbard*, 803 F.3d at 1314. The school board explicitly terminated automatic payroll deductions only for the "members of the Georgia Association of Educators . . . and its local affiliate, the Gwinnett County Association of Educators." *Id.* "That fact made *O'Brien* inapplicable because the *O'Brien* rule applies only where the law at issue is 'constitutional on its face.'" *Id.* (quoting *O'Brien*).

In other words, the *Gwinnett County* policy was not "constitutional on its face" because it explicitly singled out a discrete group. The law in *Hubbard*, on the other hand, was "constitutional on its face" because it did not. This was true even though the *Hubbard* plaintiffs claimed the law "was an unconstitutional act of governmental retaliation *against* [plaintiff] AEA for its past acts of political expression," *id.* at 1304 (emphasis added)—just as Disney claims that the laws here were an unconstitutional act of retaliation against it for its political expression. Thus, this case is like *Hubbard* and unlike *Gwinnett County*. *See Hubbard*, 803 F.3d at 1314 ("The facts of [*Gwinnett County*] limit the holding of the decision to acts of governmental retaliation that explicitly single out a specific group.").

Disney also argues that even if the laws do not explicitly target it, they come close enough to warrant a *Hubbard* exception. But there is no "close enough" exception. A law either explicitly singles out a specific group or it does not, and the laws here do not. In arguing otherwise, Disney relies on Judge Posner's opinion in

13

*Fraternal Order of Police Hobart Lodge No. 121 v. City of Hobart.* ECF No. 97 at

26 (quoting *Hobart,* 864 F.2d at 554). But that case—in which a First Amendment

retaliation claim failed because the challenged law did *not* single out anyone—only

undermines Disney's position.

In *Hobart,* the mayor and city council had adopted an ordinance requiring city

employees to work at least 40 hours weekly. 864 F.2d at 553. The change made no

difference to city employees who already worked regular hours, but "it made a big

difference to Hobart's police." *Id.* Police officers and their union sued, contending

that the mayor and council adopted the ordinance in retaliation for the police's

political opposition. *Id.* Relying on the *O'Brien* principle, the court rejected the

claim. It rejected an argument that the law "pinpointed" police, noting that "[n]o

outside observer reading Hobart's 40-hour-a-week ordinance would suppose it

directed against the police or any other definable group. It does not mention

police . . . ." *Id.* at 554. Here, similarly, no one reading the text of the challenged

laws would suppose them directed against Disney. The laws do not mention Disney.

Disney is left to argue that we should go beyond the laws' text and see what

they do in operation. The principal problem with this argument is that it ignores

*Hubbard*'s holding precluding retaliation claims against "facially constitutional"

laws. 803 F.3d at 1312. But the secondary problem is that the laws' effects are not

limited to Disney. The laws are directed at a special development district in which

Disney operates. But as Disney acknowledges, it is not the district's only landowner, and other landowners within the district are affected by the same laws. *See State v. Reedy Creek Imp. Dist.*, 216 So. 2d 202, 205 (Fla. 1968) (noting that "[s]uccessful completion and operation of the District no doubt will greatly aid the Disney interest and its contemplated Disneyworld project [but that] it is obvious that to a lesser degree the contemplated benefits of the District will inure to numerous inhabitants of the District in addition to persons in the Disney complex"). As for SB 4-C (the earlier law), it applies to "any independent special district established by a special act prior to the date of ratification of the Florida Constitution," a category comprising Disney's district and at least several others.

It is true that the laws did not affect all districts, and it is true (at least accepting Disney's allegations) that Disney faces the brunt of the harm. But Disney offers no support for its argument that the court is to undertake line drawing to determine just how many others a law must cover to avoid "singling out" those they affect most. Here, it is enough to say—as in *Hobart*—that the law "challenged in this case is not pinpointed against a named individual or group; it is general in its wording and impact." 864 F.2d at 556.[9]

---

[9] Although *Hobart* applied the *O'Brien* rule to reject the First Amendment challenge, it also offered some practical considerations. Allowing such challenges would subject seemingly all legislation

## C.

Third, Disney argues this case is unlike *Hubbard* and *O'Brien* because of the strength of the case—the clarity of the legislative purpose. Disney says that "[f]ar from seeking to ferret out some hidden or opaque retaliatory motive, Disney's retaliation claim rests on the clear, consistent, and proud declarations of the State leaders who urged enactment of SB 4C and HB 9B." ECF No. 97 at 31. But Disney cites no authority suggesting this is a meaningful distinction. To be sure, *Hubbard* points to evidentiary difficulties, discussing the likelihood of differing motives of the legislators. 803 F.3d at 1310. But the principle at issue "is founded not only on the difficulty of determining by forensic methods the motives of a collective body, but also on respect for the political process and on simple comity between departments of government." *Hobart*, 864 F.2d at 554. Regardless, nothing in *Hubbard* suggests it is inapplicable when there is significant—or even overwhelming—evidence of illicit motivation. It says instead that there is no

---

to invalidation by a federal court upon evidence that the legislation, though on its face concerned only with the most ordinary matters of governmental administration, had actually been intended to punish the legislators' political opponents, or reward the legislators' friends with largesse obtained by taxes on their enemies. . . . The expansion of judicial review of legislation would be breathtaking. Yet the enlargement of the marketplace of ideas would be slight—maybe nonexistent.

864 F.2d at 555.

cognizable claim. Period. "What we are saying is that, as a matter of law, the First Amendment does not support the kind of claim [plaintiff] makes here: a challenge to an otherwise constitutional statute based on the subjective motivations of the lawmakers who passed it." *Hubbard*, 803 F.3d at 1312.

At the end of the day, under the law of this Circuit, "courts shouldn't look to a law's legislative history to find an illegitimate motivation for an otherwise constitutional statute." *NetChoice*, 34 F.4th at 1224 (citing *Hubbard*). Because that is what Disney seeks here, its claim fails as a matter of law.

## CONCLUSION

The motions to dismiss (ECF Nos. 93, 94) are GRANTED. The clerk will enter a judgment that says, "This case was resolved on motions to dismiss. Plaintiff's claims against the Governor and the Department Secretary are dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's claims against the Central Florida Tourism Oversight District board members are dismissed on the merits for failure to state a claim."

The clerk will close the file.

SO ORDERED on January 31, 2024.

s/ *Allen Winsor*
United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WALT DISNEY PARKS AND
RESORTS U.S. INC.,**

     **Plaintiff,**

**v.**                               **Case No. 4:23-cv-163-AW-MJF**

**RONALD D DESANTIS, in his official
capacity as GOVERNOR OF FLORIDA,
et al.,**

     **Defendants.**             /

_____

## <u>JUDGMENT</u>

     This case was resolved on motions to dismiss. Plaintiff's claims against the Governor and the Department Secretary are dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's claims against the Central Florida Tourism Oversight District board members are dismissed on the merits for failure to state a claim.

                                       JESSICA J. LYUBLANOVITS
                                       CLERK OF COURT

<u>January 31, 2024</u>                  <u>s/ KELLI MALU</u>
Date                             Deputy Clerk: Kelli Malu

Query    Reports    Utilities    Help

CLOSED,APPEAL

## U.S. District Court
## Northern District of Florida (Tallahassee)
## CIVIL DOCKET FOR CASE #: 4:23-cv-00163-AW-MJF

WALT DISNEY PARKS AND RESORTS US INC v. DESANTIS et al
Assigned to: JUDGE ALLEN C WINSOR
Referred to: MAGISTRATE JUDGE MICHAEL J FRANK
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 04/26/2023
Date Terminated: 01/31/2024
Jury Demand: None
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: Federal Question

### Plaintiff

**WALT DISNEY PARKS AND RESORTS US INC**

represented by **ALAN EVAN SCHOENFELD**
WILMER HALE - NEW YORK NY
7 WORLD TRADE CENTER
250 GREENWICH STREET
NEW YORK, NY 10007
212-230-8800
Email: alan.schoenfeld@wilmerhale.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**DANIEL PETROCELLI**
O'MELVENY & MYERS LLP - AVE OF THE STARS - LOS ANGELES
1999 AVENUE OF THE STARS STE 700
LOS ANGELES, CA 90067
310-553-6700
Fax: 310-246-6779
Email: dpetrocelli@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**JONATHAN D HACKER**
O'MELVENY & MYERS LLP -

WASHINGTON DC
1625 EYE ST NW
WASHINGTON, DC 20006
202-383-5300
Fax: 202-383-5414
Email: jhacker@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**STEPHEN D BRODY**
O'MELVENY & MYERS LLP -
WASHINGTON DC
1625 EYE ST NW
WASHINGTON, DC 20006
202-383-5167
Fax: 202-383-5414
Email: sbrody@omm.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**ADAM COLBY LOSEY**
LOSEY PLLC - ORLANDO FL
1420 EDGEWATER DRIVE
ORLANDO, FL 32804
407-906-1605
Email: alosey@losey.law
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**RONALD D DESANTIS**            represented by   **ANITA J PATEL**
*IN HIS OFFICIAL*                                FLORIDA ATTORNEY GENERALS
*CAPACITY AS GOVERNOR*                           OFFICE
*OF FLORIDA*                                     COMPLEX LITIGATION
                                                 PL-01 THE CAPITOL
                                                 TALLAHASSEE, FL 32399
                                                 850-414-3694
                                                 Email:
                                                 anita.patel@myfloridalegal.com
                                                 *ATTORNEY TO BE NOTICED*

                                                 **DANIEL WILLIAM BELL**

FLORIDA ATTORNEY GENERALS
OFFICE
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399
786-473-2923
Email:
daniel.bell@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**DAVID MATTHEW COSTELLO**
FLORIDA ATTORNEY GENERAL'S
OFFICE
3507 E FRONTAGE ROAD
SUITE 200
TAMPA, FL 33607
908-461-5672
Email:
david.costello@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**HENRY CHARLES WHITAKER**
FLORIDA OFFICE OF THE
ATTORNEY GENERAL
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399-1050
850-414-3688
Email:
henry.whitaker@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**JAMES HAMILTON PERCIVAL ,
II**
FLORIDA ATTORNEY GENERALS
OFFICE
OFFICE OF THE ATTORNEY
GENERAL
Pl-01
THE CAPITOL
TALLAHASSEE, FL 32399
850-414-3300
Email:
james.percival@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**JOHN MATTHEW GUARD**
FLORIDA ATTORNEY GENERAL'S
OFFICE
EXECUTIVE STAFF
PL-01 THE CAPITOL
TALLAHASSEE, FL 32399
850-245-0140
Email:
john.guard@myfloridalegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MEREDITH IVEY**                  represented by   **ANITA J PATEL**
*IN HER OFFICIAL*                                 (See above for address)
*CAPACITY AS ACTING*                              *ATTORNEY TO BE NOTICED*
*SECRETARY OF THE*
*FLORIDA DEPARMENT OF*                            **DANIEL WILLIAM BELL**
*ECONOMIC*                                        (See above for address)
*OPPORTUNITY*                                     *ATTORNEY TO BE NOTICED*

                                                  **DAVID MATTHEW COSTELLO**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **HENRY CHARLES WHITAKER**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **JAMES HAMILTON PERCIVAL ,
                                                  II**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **JOHN MATTHEW GUARD**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**MARTIN GARCIA**                  represented by   **JOHN D RAMER**
*IN HIS OFFICIAL*                                 COOPER & KIRK PLLC -
*CAPACITY AS BOARD*                               WASHINGTON DC
*CHAIR OF THE CENTRAL*                            1523 NEW HAMPSHIRE AVE NW

*FLORIDA TOURISM*
*OVERSIGHT DISTRICT*

WASHINGTON, DC 20036
202-220-9621
Email: jramer@cooperkirk.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**MEGAN MARIE WOLD**
COOPER & KIRK PLLC -
WASHINGTON DC
1523 NEW HAMPSHIRE AVE NW
WASHINGTON, DC 20036
202-220-9650
Email: mwold@cooperkirk.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**PETER ANDREW PATTERSON**
COOPER & KIRK PLLC -
WASHINGTON DC
1523 NEW HAMPSHIRE AVE NW
WASHINGTON, DC 20036
202-220-9600
Email: ppatterson@cooperkirk.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**CHARLES JUSTIN COOPER**
COOPER & KIRK PLLC -
WASHINGTON DC
1523 NEW HAMPSHIRE AVE NW
WASHINGTON, DC 20036
202-220-9600
Email: ccooper@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**DAVID HENRY THOMPSON**
COOPER & KIRK PLLC -
WASHINGTON DC
1523 NEW HAMPSHIRE AVE NW
WASHINGTON, DC 20036

202-220-9600
Email: dthompson@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**JASON BRENT GONZALEZ**
LAWSON HUCK GONZALEZ PLLC
- TALLAHASSEE FL
215 S MONROE STREET
SUITE 320
TALLAHASSEE, FL 32301
850-825-4334
Email:
jason@lawsonhuckgonzalez.com
*ATTORNEY TO BE NOTICED*

**JOSEPH MASTERMAN**
COOPER & KIRK PLLC -
WASHINGTON DC
1523 NEW HAMPSHIRE AVE NW
WASHINGTON, DC 20036
202-220-9600
Email:
jmasterman@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHAEL SASSO**                    represented by **JOHN D RAMER**
*IN HIS OFFICIAL*                                   (See above for address)
*CAPACITY AS BOARD*                                 *LEAD ATTORNEY*
*MEMBER OF THE*                                     *PRO HAC VICE*
*CENTRAL FLORIDA*                                   *ATTORNEY TO BE NOTICED*
*TOURISM OVERSIGHT*
*DISTRICT*                                          **MEGAN MARIE WOLD**
*TERMINATED: 09/08/2023*                            (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **PETER ANDREW PATTERSON**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

**CHARLES JUSTIN COOPER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DAVID HENRY THOMPSON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JASON BRENT GONZALEZ**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOSEPH MASTERMAN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRIAN AUNGST JR**
*IN HIS OFFICIAL
CAPACITY AS BOARD
MEMBER OF THE
CENTRAL FLORIDA
TOURISM OVERSIGHT
DISTRICT*

represented by **JOHN D RAMER**
(See above for address)
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**MEGAN MARIE WOLD**
(See above for address)
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**PETER ANDREW PATTERSON**
(See above for address)
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**CHARLES JUSTIN COOPER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DAVID HENRY THOMPSON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JASON BRENT GONZALEZ**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOSEPH MASTERMAN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RON PERI**                    represented by **JOHN D RAMER**
*IN HIS OFFICIAL*                               (See above for address)
*CAPACITY AS BOARD*                             *LEAD ATTORNEY*
*MEMBER OF THE*                                 *PRO HAC VICE*
*CENTRAL FLORIDA*                               *ATTORNEY TO BE NOTICED*
*TOURISM OVERSIGHT*
*DISTRICT*                                      **MEGAN MARIE WOLD**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *PRO HAC VICE*
                                                *ATTORNEY TO BE NOTICED*

                                                **PETER ANDREW PATTERSON**
                                                (See above for address)
                                                *LEAD ATTORNEY*
                                                *PRO HAC VICE*
                                                *ATTORNEY TO BE NOTICED*

                                                **CHARLES JUSTIN COOPER**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **DAVID HENRY THOMPSON**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **JASON BRENT GONZALEZ**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

                                                **JOSEPH MASTERMAN**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**BRIDGET ZIEGLER**
*IN HER OFFICIAL
CAPACITY AS BOARD
MEMBER OF THE
CENTRAL FLORIDA
TOURISM OVERSIGHT
DISTRICT*

represented by **JOHN D RAMER**
(See above for address)
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**MEGAN MARIE WOLD**
(See above for address)
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**PETER ANDREW PATTERSON**
(See above for address)
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**CHARLES JUSTIN COOPER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DAVID HENRY THOMPSON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JASON BRENT GONZALEZ**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOSEPH MASTERMAN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN CLASSE**
*IN HIS OFFICIAL
CAPACITY AS
ADMINISTRATOR OF THE
CENTRAL FLORIDA
TOURISM OVERSIGHT
DISTRICT*

represented by **JOHN D RAMER**
(See above for address)
*LEAD ATTORNEY
PRO HAC VICE
ATTORNEY TO BE NOTICED*

**MEGAN MARIE WOLD**

*TERMINATED: 09/08/2023*

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**PETER ANDREW PATTERSON**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**CHARLES JUSTIN COOPER**
(See above for address)
*ATTORNEY TO BE NOTICED*

**DAVID HENRY THOMPSON**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JASON BRENT GONZALEZ**
(See above for address)
*ATTORNEY TO BE NOTICED*

**JOSEPH MASTERMAN**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHARBEL BARAKAT**
*IN HIS OFFICIAL
CAPACITY AS VICE CHAIR
AND BOARD MEMBER OF
THE CENTRAL FLORIDA
TOURISM OVERSIGHT
DISTRICT*

**Defendant**

**GLENTON GILZEAN, JR**
*IN HIS OFFICIAL
CAPACITY AS
ADMINISTRATOR OF THE
CENTRAL FLORIDA
TOURISM OVERSIGHT*

*DISTRICT*

**Amicus**

**TRANSITION PROCESSING FORWARD**

represented by **TRANSITION PROCESSING FORWARD**
JONATHAN N FOSTER
C/O GALAXY BAR ASSOCIATION
521 W 22ND ST
JACKSONVILLE, FL 32206
PRO SE

**Amicus**

**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

represented by **CAROL JEAN LOCICERO**
THOMAS & LOCICERO PL - TAMPA FL
601 SOUTH BOULEVARD
TAMPA, FL 33606
813-984-3061
Fax: 813-984-3070
Email: clocicero@tlolawfirm.com
*ATTORNEY TO BE NOTICED*

**CONNOR STEADMAN SULLIVAN**
GIBSON DUNN & CRUTCHER LLP - NEW YORK NY
200 PARK AVENUE
NEW YORK, NY 10166
212-351-4000
Email: cssullivan@gibsondunn.com
*ATTORNEY TO BE NOTICED*

**THEODORE JOSEPH BOUTROUS , JR**
GIBSON DUNN & CRUTCHER LLP - LOS ANGELES CA
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071
213-229-7804
Fax: 213-229-6804
Email: tboutrous@gibsondunn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**THE LEADERSHIP NOW**      represented by   **ADAM WADE MITCHELL**
**PROJECT**                                  COVINGTON & BURLING LLP -
                                             WASHINGTON DC
                                             ONE CITY CENTER
                                             850 TENTH ST NW
                                             WASHINGTON, DC 20001
                                             202-662-5405
                                             Email: amitchell@cov.com
                                             *PRO HAC VICE*
                                             *ATTORNEY TO BE NOTICED*

                                             **BETH S BRINKMANN**
                                             COVINGTON & BURLING LLP -
                                             WASHINGTON DC
                                             ONE CITY CENTER
                                             850 TENTH ST NW
                                             WASHINGTON, DC 20001
                                             202-662-5312
                                             Email: bbrinkmann@cov.com
                                             *TERMINATED: 09/18/2023*

                                             **BRADLEY KEITH ERVIN**
                                             COVINGTON & BURLING LLP -
                                             WASHINGTON DC
                                             ONE CITY CENTER
                                             850 TENTH ST NW
                                             WASHINGTON, DC 20001
                                             202-662-5860
                                             Email: bervin@cov.com
                                             *ATTORNEY TO BE NOTICED*

                                             **KENDALL TAPPAN BURCHARD**
                                             COVINGTON & BURLING LLP -
                                             WASHINGTON DC
                                             ONE CITY CENTER
                                             850 TENTH ST NW
                                             WASHINGTON, DC 20001
                                             202-662-5131
                                             Email: kburchard@cov.com
                                             *ATTORNEY TO BE NOTICED*

**Amicus**

**FORMER GOVERNORS, SENIOR GOVERNMENT ATTORNEYS, AND OTHER OFFICALS**   represented by   **CHARLES DAVID TOBIN**
BALLARD SPAHR LLP - WASHINGTON DC
1909 K STREET NW
12TH FLOOR
WASHINGTON, DC 20006
202-661-2218
Fax: 202-661-2299
Email: tobinc@ballardspahr.com
*ATTORNEY TO BE NOTICED*

**JOSEPH SLAUGHTER**
BALLARD SPAHR LLP - NEW YORK NY
1675 BROADWAY
19TH FLOOR
NEW YORK, NY 10019-5820
646-346-8028
Email:
slaughterj@ballardspahr.com
*ATTORNEY TO BE NOTICED*

**MATTHEW THOMAS NEWTON**
OLDER LUNDY KOCH & MARTINO - TAMPA FL
1000 WEST CASS STREET
TAMPA, FL 33606
813-254-8998
Email: mnewton@olalaw.com
*ATTORNEY TO BE NOTICED*

**NORMAN LARRY EISEN**
NORMAN EISEN PLLC - WASHINGTON DC
1015 15TH STREET NW
SUITE 1000
WASHINGTON, DC 20005
202-709-4945
Email:
nleisen@normaneisenllc.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/26/2023 | 1 | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number AFLNDC-7840257.), filed by Walt Disney Parks and Resorts U.S., Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Summons for Ronald D. DeSantis, # 4 Summons for Meredith Ivey, # 5 Summons for Martin Garcia, # 6 Summons for Michael Sasso, # 7 Summons for Ron Peri, # 8 Summons for Bridget Ziegler, # 9 Summons for Brian Aungst, Jr., # 10 Summons for John Classe) (LOSEY, ADAM) (Entered: 04/26/2023) |
| 04/26/2023 | 2 | CIVIL COVER SHEET. (LOSEY, ADAM) (Entered: 04/26/2023) |
| 04/26/2023 | 3 | Corporate Disclosure Statement/Certificate of Interested Persons by Walt Disney Parks and Resorts U.S., Inc. identifying Corporate Parent THE WALT DISNEY COMPANY for Walt Disney Parks and Resorts U.S., Inc... (LOSEY, ADAM) (Entered: 04/26/2023) |
| 04/26/2023 | 4 | NOTICE *Under FRCP 5.1 and LR 24.1* by Walt Disney Parks and Resorts U.S., Inc. (LOSEY, ADAM) (Entered: 04/26/2023) |
| 04/27/2023 | 5 | Summons Issued as to BRIAN AUNGST JR, JOHN CLASSE, RONALD D DESANTIS, MARTIN GARCIA, MEREDITH IVEY, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER. (Attachments: # 1 summons, # 2 summons, # 3 summons, # 4 summons, # 5 summons, # 6 summons, # 7 summons) (sjb) (Entered: 04/27/2023) |
| 04/28/2023 | 6 | MOTION to Appear Pro Hac Vice by Alan E. Schoenfeld.( Filing fee $ 208 receipt number AFLNDC-7843989.) by WALT DISNEY PARKS AND RESORTS US INC. (SCHOENFELD, ALAN) (Entered: 04/28/2023) |
| 04/28/2023 | 7 | MOTION to Appear Pro Hac Vice by Stephen D. Brody.( Filing fee $ 208 receipt number AFLNDC-7844166.) by WALT DISNEY PARKS AND RESORTS US INC. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (BRODY, STEPHEN) (Entered: 04/28/2023) |
| 04/28/2023 | 8 | MOTION to Appear Pro Hac Vice by Jonathan Hacker.( Filing fee $ 208 receipt number AFLNDC-7844215.) by WALT DISNEY PARKS AND RESORTS US INC. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (HACKER, |

JONATHAN) (Entered: 04/28/2023)

| | | |
|---|---|---|
| 04/28/2023 | 9 | ORDER - The Clerk of Court shall reassign this case to another Magistrate Judge within this District given my recusal. MAGISTRATE JUDGE MARTIN A FITZPATRICK recused. Case reassigned to MAGISTRATE JUDGE MICHAEL J FRANK for all further proceedings. Signed by MAGISTRATE JUDGE MARTIN A FITZPATRICK on 4/28/23. (sjb)(Please use new judge's initials for future filings: 4:23cv163-MW/MJF) (Entered: 04/28/2023) |
| 04/28/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MICHAEL J FRANK notified that action is needed Re: 9 Order (sjb) (Entered: 04/28/2023) |
| 04/28/2023 | 10 | ORDER ADMITTING STEPHEN D. BRODY PRO HAC VICE - The 7 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 4/28/23. (sjb) (Entered: 04/28/2023) |
| 04/28/2023 | 11 | ORDER ADMITTING JONATHAN HACKER PRO HAC VICE - The 8 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 4/28/23. (sjb) (Entered: 04/28/2023) |
| 04/28/2023 | 12 | ORDER ADMITTING ALAN E. SCHOENFELD PRO HAC VICE - The 6 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 4/28/23. (sjb) (Entered: 04/28/2023) |
| 05/01/2023 | 13 | SUMMONS Returned Executed by WALT DISNEY PARKS AND RESORTS US INC. RONALD D DESANTIS served on 5/1/2023, answer due 5/22/2023. (LOSEY, ADAM) (Entered: 05/01/2023) |
| 05/01/2023 | 14 | SUMMONS Returned Executed by WALT DISNEY PARKS AND RESORTS US INC. MEREDITH IVEY served on 5/1/2023, answer due 5/22/2023. (LOSEY, ADAM) (Entered: 05/01/2023) |
| 05/01/2023 | 15 | SUMMONS Returned Executed by WALT DISNEY PARKS AND RESORTS US INC. MARTIN GARCIA served on 5/1/2023, answer due 5/22/2023. (LOSEY, ADAM) (Entered: 05/01/2023) |
| 05/01/2023 | 16 | SUMMONS Returned Executed by WALT DISNEY PARKS AND RESORTS US INC. RON PERI served on 5/1/2023, answer due 5/22/2023. (LOSEY, ADAM) (Entered: 05/01/2023) |

| 05/01/2023 | 17 | SUMMONS Returned Executed by WALT DISNEY PARKS AND RESORTS US INC. MICHAEL SASSO served on 5/1/2023, answer due 5/22/2023. (LOSEY, ADAM) (Entered: 05/01/2023) |
|---|---|---|
| 05/01/2023 | 18 | SUMMONS Returned Executed by WALT DISNEY PARKS AND RESORTS US INC. BRIAN AUNGST JR served on 5/1/2023, answer due 5/22/2023. (LOSEY, ADAM) (Entered: 05/01/2023) |
| 05/01/2023 | 19 | SUMMONS Returned Executed by WALT DISNEY PARKS AND RESORTS US INC. BRIDGET ZIEGLER served on 5/1/2023, answer due 5/22/2023. (LOSEY, ADAM) (Entered: 05/01/2023) |
| 05/01/2023 | 20 | SUMMONS Returned Executed by WALT DISNEY PARKS AND RESORTS US INC. JOHN CLASSE served on 5/1/2023, answer due 5/22/2023. (LOSEY, ADAM) (Entered: 05/01/2023) |
| 05/02/2023 | 21 | MOTION to Appear Pro Hac Vice by Daniel M. Petrocelli.( Filing fee $ 208 receipt number AFLNDC-7848896.) by WALT DISNEY PARKS AND RESORTS US INC. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (PETROCELLI, DANIEL) (Entered: 05/02/2023) |
| 05/02/2023 | 22 | ORDER ADMITTING DANIEL M. PETROCELLI PRO HAC VICE - The 21 motion is GRANTED. Signed by CHIEF JUDGE MARK E WALKER on 5/2/23. (sjb) (Entered: 05/02/2023) |
| 05/03/2023 | 23 | MOTION to Intervene (filed by a third party). (sjb) (Entered: 05/04/2023) |
| 05/04/2023 | 24 | ORDER DENYING MOTION TO INTERVENE - However, the motion to intervene, ECF No. 23 , is DENIED without prejudice to file a separate lawsuit. Signed by CHIEF JUDGE MARK E WALKER on 5/4/23. (sjb) (Entered: 05/04/2023) |
| 05/08/2023 | 25 | FIRST AMENDED COMPLAINT against All Defendants , filed by WALT DISNEY PARKS AND RESORTS US INC. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (LOSEY, ADAM) Modified on 5/8/2023 edit to docket text (sjb). (Entered: 05/08/2023) |

| | | |
|---|---|---|
| 05/08/2023 | <u>26</u> | Plaintiff's First AMENDED Notice Under FRCP 5.1 and LR 24.1 filed by WALT DISNEY PARKS AND RESORTS US INC. (LOSEY, ADAM) Modified on 5/9/2023 to correct document title. (kjw) (Entered: 05/08/2023) |
| 05/15/2023 | <u>27</u> | MOTION TO RECONSIDER OR TO AMEND FINAL ORDER by WALT DISNEY PARKS AND RESORTS US INC. (sjb) (Entered: 05/16/2023) |
| 05/16/2023 | <u>28</u> | ORDER DENYING MOTION FOR RECONSIDERATION - Accordingly, his motion for reconsideration, ECF No. <u>27</u> , is DENIED. Signed by CHIEF JUDGE MARK E WALKER on 5/16/23. (sjb) (Entered: 05/16/2023) |
| 05/19/2023 | <u>29</u> | NOTICE of Appearance by DAVID MATTHEW COSTELLO on behalf of RONALD D DESANTIS (COSTELLO, DAVID) (Entered: 05/19/2023) |
| 05/19/2023 | <u>30</u> | NOTICE of Appearance by CHARLES JUSTIN COOPER on behalf of BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER (COOPER, CHARLES) (Entered: 05/19/2023) |
| 05/19/2023 | <u>31</u> | NOTICE of Appearance by JOSEPH MASTERMAN on behalf of BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER (MASTERMAN, JOSEPH) (Entered: 05/19/2023) |
| 05/19/2023 | <u>32</u> | NOTICE of Appearance by JASON BRENT GONZALEZ on behalf of BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER (GONZALEZ, JASON) (Entered: 05/19/2023) |
| 05/19/2023 | <u>33</u> | MOTION to Disqualify Judge *Mark E. Walker* by RONALD D DESANTIS. (GUARD, JOHN) (Entered: 05/19/2023) |
| 05/22/2023 | <u>34</u> | STIPULATION *Regarding Briefing Schedule and Service of Process* by RONALD D DESANTIS, MEREDITH IVEY. (WHITAKER, HENRY) (Entered: 05/22/2023) |
| 05/23/2023 | <u>35</u> | NOTICE - This Court will take no action, scheduling or otherwise, in this case until it rules on the pending motion for disqualification. Signed by CHIEF JUDGE MARK E WALKER on 5/23/23. (sjb) (Entered: 05/23/2023) |
| 05/23/2023 | <u>36</u> | NOTICE of Appearance by DAVID HENRY THOMPSON on behalf of BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER |

(THOMPSON, DAVID) (Entered: 05/23/2023)

05/24/2023    37    MOTION to Appear Pro Hac Vice by Peter A. Patterson.( Filing fee $ 208 receipt number AFLNDC-7884789.) by BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER. (Attachments: # 1 Exhibit A - Certificate of Good Standing) (PATTERSON, PETER) (Entered: 05/24/2023)

05/24/2023    38    MOTION to Appear Pro Hac Vice by Megan M. Wold.( Filing fee $ 208 receipt number AFLNDC-7884809.) by BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER. (Attachments: # 1 Exhibit A - Certificate of Good Standing) (WOLD, MEGAN) (Entered: 05/24/2023)

05/24/2023    39    MOTION to Appear Pro Hac Vice by John D. Ramer.( Filing fee $ 208 receipt number AFLNDC-7884845.) by BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER. (Attachments: # 1 Exhibit A - Certificate of Good Standing) (RAMER, JOHN) (Entered: 05/24/2023)

05/25/2023    40    ORDER granting 38 Motion to Appear Pro Hac Vice Pursuant to Local Rule 11.1(C), the above attorney is admitted pro hac vice on behalf of the relevant defendants. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 5/25/2023. (jcw)(Appointed MEGAN MARIE WOLD) (Entered: 05/25/2023)

05/25/2023    41    ORDER granting 39 Motion to Appear Pro Hac Vice Pursuant to Local Rule 11.1(C), the above attorney is admitted pro hac vice on behalf of the relevant defendants. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 5/25/2023. (jcw)(Appointed JOHN D RAMER) (Entered: 05/25/2023)

05/25/2023    42    ORDER granting 37 Motion to Appear Pro Hac Vice. Pursuant to Local Rule 11.1(C), the above attorney is admitted pro hac vice on behalf of the relevant defendants. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 5/25/2023. (jcw)(Appointed PETER ANDREW PATTERSON) (Entered: 05/25/2023)

05/25/2023    43    RESPONSE to Motion re 33 MOTION to Disqualify Judge *Mark E. Walker* filed by WALT DISNEY PARKS AND

RESORTS US INC. (LOSEY, ADAM) (Entered: 05/25/2023)

| | | |
|---|---|---|
| 05/25/2023 | 44 | ***STRICKEN PER 47 ORDER STRIKING 44 FILING OF NONPARTY*** --- MOTION FOR ENLARGEMENT OF TIME and MOTION TO REFER OBSTRUCTION OF SERVICE TO FEDERAL LAW ENFORCEMENT by Scott Huminski. (sjb) Modified on 6/2/2023 to add text (kdm). (Entered: 05/30/2023) |
| 06/01/2023 | 45 | ORDER ON DISQUALIFICATION. Defendants' motion to disqualify, ECF No. 33 , is DENIED. However, for other reasons articulated here, I disqualify myself from further participation in this case. CHIEF JUDGE MARK E WALKER no longer assigned to case. Case reassigned to JUDGE ALLEN C WINSOR for all further proceedings. Signed by CHIEF JUDGE MARK E WALKER on 6/1/2023. (erl) **Please use the new judge's initials for all future filings: 4:23cv163-AW/MJF. (Entered: 06/01/2023) |
| 06/01/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE ALLEN C WINSOR notified that action is needed Re: 45 Order on Disqualification. (erl) (Entered: 06/01/2023) |
| 06/02/2023 | 46 | NOTICE of Appearance by ANITA J PATEL on behalf of RONALD D DESANTIS, MEREDITH IVEY (PATEL, ANITA) (Entered: 06/02/2023) |
| 06/02/2023 | 47 | ORDER STRIKING 44 FILING OF NONPARTY. Signed by JUDGE ALLEN C WINSOR on 6/2/2023. The court has denied Huminski's motion to intervene. ECF No. 24 ; see also ECF No. 28 (denying reconsideration). (kdm) (Entered: 06/02/2023) |
| 06/02/2023 | 48 | ORDER REGARDING 34 SCHEDULE. (Deadline to file motions to dismiss is **6/26/2023**., Rule 26 Meeting Report due by **6/27/2023**., Plaintiff's deadline to respond to any motions to dismiss is **7/26/2023**., Defendants may reply no later than **8/9/2023**). Signed by JUDGE ALLEN C WINSOR on 6/2/2023. (kdm) (Entered: 06/02/2023) |
| 06/26/2023 | 49 | MOTION to Dismiss *Plaintiff's Amended Complaint* by RONALD D DESANTIS, MEREDITH IVEY. (Internal deadline for referral to judge if response not filed earlier: **7/10/2023**). (WHITAKER, HENRY) (Entered: 06/26/2023) |

| | | |
|---|---|---|
| 06/26/2023 | 50 | MOTION to Dismiss *Plaintiff's Amended Complaint* by BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER. (Internal deadline for referral to judge if response not filed earlier: **7/10/2023)**. (COOPER, CHARLES) (Entered: 06/26/2023) |
| 06/26/2023 | 51 | MOTION for Leave to File Excess Pages *Unopposed Motion to Exceed Word Limit for Memorandum in Support of Defendants' Motion to Dismiss* by BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER. (Attachments: # 1 Memorandum in Support of Defendants' Motion to Dismiss, # 2 Ex. A to Defendants' Memorandum in Support of Motion to Dismiss, # 3 Ex. B to Defendants' Memorandum in Support of Motion to Dismiss) (COOPER, CHARLES) (Entered: 06/26/2023) |
| 06/27/2023 | 52 | ORDER GRANTING 51 MOTION FOR EXPANDED WORD LIMIT. Signed by JUDGE ALLEN C WINSOR on 6/27/2023. The memorandum (ECF No. 51 -1) is accepted as filed. The word limit for Plaintiffs response is also expanded to 11,000 words. (kdm) (Entered: 06/27/2023) |
| 06/27/2023 | 53 | REPORT of Rule 26(f) Planning Meeting. (PETROCELLI, DANIEL) (Entered: 06/27/2023) |
| 07/07/2023 | 54 | ***STRICKEN PER 55 ORDER STRIKING UNAUTHORIZED FILING*** -- AMICUS BRIEF Oon Behalf of the Plaintiff TRANSITION PROCESSING FORWARD. (kdm) Modified on 7/14/2023 to add text (kdm). (Entered: 07/12/2023) |
| 07/14/2023 | 55 | ORDER STRIKING UNAUTHORIZED FILING, re 54 AMICUS BRIEF Oon Behalf of the Plaintiff TRANSITION PROCESSING FORWARD. Signed by JUDGE ALLEN C WINSOR on 7/14/2023. (kdm) (Entered: 07/14/2023) |
| 07/18/2023 | 56 | NOTICE *OF SUBSTITUTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 25(D)* by WALT DISNEY PARKS AND RESORTS US INC (LOSEY, ADAM) (Entered: 07/18/2023) |
| 07/19/2023 | | ACTION REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE ALLEN C WINSOR notified that action is needed Re: 49 , 50 MOTION to Dismiss - Response due 7/10/2023. (***None filed to date.***) (kdm) (Entered: 07/19/2023) |

| 07/19/2023 | | ACTION NO LONGER REQUIRED BY DISTRICT JUDGE: Chambers of JUDGE ALLEN C WINSOR notified that action is no longer needed Re: 49 , 50 MOTION to Dismiss. (Response is due on 7/26/2023) (kdm) (Entered: 07/19/2023) |
|---|---|---|
| 07/20/2023 | 57 | ***STRICKEN PER 59 ORDER STRIKING UNAUTHORIZED FILING*** -- (Second) AMICUS BRIEF On Behalf of the Plaintiff TRANSITION PROCESSING FORWARD. (Revision 15 July 2023) (kdm) Modified on 7/26/2023 to add text (kdm). (Entered: 07/25/2023) |
| 07/26/2023 | 58 | MEMORANDUM in Opposition re 49 MOTION to Dismiss *Plaintiff's Amended Complaint* filed by WALT DISNEY PARKS AND RESORTS US INC. (PETROCELLI, DANIEL) (Entered: 07/26/2023) |
| 07/26/2023 | 59 | ORDER STRIKING 57 UNAUTHORIZED FILING. Signed by JUDGE ALLEN C WINSOR on 7/26/2023. (kdm) (Entered: 07/26/2023) |
| 07/26/2023 | 60 | *** 60 -1 AND 60 -2 ACCEPTED AS FILED PER 61 ORDER GRANTING 60 MOTION FOR EXPANDED WORD LIMIT*** --- MOTION for Leave to File Excess Pages / *Plaintiff's Unopposed Motion to Exceed Word Limit for Opposition to CFTOD Defendants' Motion to Abstain or Dismiss* by WALT DISNEY PARKS AND RESORTS US INC. (Attachments: # 1 Plaintiff's Opposition to CFTOD Defendants' Motion to Abstain or Dismiss, # 2 Exhibit 1 to Plaintiff's Opposition) (PETROCELLI, DANIEL) Modified on 7/27/2023 to add text (kdm). (Entered: 07/26/2023) |
| 07/27/2023 | 61 | ORDER GRANTING 60 MOTION FOR EXPANDED WORD LIMIT. Signed by JUDGE ALLEN C WINSOR on 7/27/2023. The memorandum (ECF No. 60 -1) and its accompanying exhibit (ECF No. 60 -2) are accepted as filed. (kdm) (Entered: 07/27/2023) |
| 07/28/2023 | 62 | MOTION to Appear Pro Hac Vice by Theodore J. Boutrous, Jr..( Filing fee $ 208 receipt number AFLNDC-8020526.) by REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS. (Attachments: # 1 Exhibit A- Jurisdictions/ Courts of Admission, # 2 Exhibit B- Certificate of Good Standing) (BOUTROUS, THEODORE) (Entered: 07/28/2023) |

| 07/28/2023 | 63 | MOTION to Appear Pro Hac Vice by Connor S. Sullivan.( Filing fee $ 208 receipt number AFLNDC-8020593.) by REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS. (Attachments: # 1 Exhibit A- Certificate of Good Standing) (SULLIVAN, CONNOR) (Entered: 07/28/2023) |
|---|---|---|
| 07/28/2023 | 64 | ***AMICUS BRIEF (ECF 64 AT 11-50) IS ACCEPTED AND DEEMED PROPERLY FILED PER 67 ORDER GRANTING 64 MOTION FOR LEAVE TO FILE AMICUS BRIEF*** --- Consent MOTION to File Amicus Brief *Consent Motion and Memorandum in Support for Leave to File Brief of Amicus Curiae the Reporters Committee For Freedom of the Press in Support of Plaintiff Walt Disney Parks and Resorts U.S., Inc.* by REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS. (Internal deadline for referral to judge if response not filed earlier: **8/11/2023**). (LOCICERO, CAROL) Modified on 7/31/2023 to add text (kdm). (Entered: 07/28/2023) |
| 07/31/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MICHAEL J FRANK notified that action is needed Re: 62 , 63 MOTION to Appear Pro Hac Vice by Theodore J. Boutrous, Jr. and Connor S. Sullivan.. Referred to MICHAEL J FRANK. (kdm) (Entered: 07/31/2023) |
| 07/31/2023 | 65 | ORDER granting 62 Motion to Appear Pro Hac Vice. Pursuant to Local Rule 11.1(C), the above attorney is admitted pro hac vice on behalf of amicus curiae Reporters Committee for Freedom of the Press. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 7/31/2023. (jcw) (Entered: 07/31/2023) |
| 07/31/2023 | 66 | ORDER granting 63 Motion to Appear Pro Hac Vice. Pursuant to Local Rule 11.1(C), the above attorney is admitted pro hac vice on behalf of amicus curiae Reporters Committee for Freedom of the Press. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 7/31/2023. (jcw) (Entered: 07/31/2023) |
| 07/31/2023 | 67 | ORDER GRANTING 64 MOTION FOR LEAVE TO FILE AMICUS BRIEF. Signed by JUDGE ALLEN C WINSOR on 7/31/2023. The amicus brief (ECF No. 64 at 11-50) is accepted and deemed properly filed. (kdm) (Entered: 07/31/2023) |

| 07/31/2023 | <u>68</u> | ORDER REGARDING SCHEDULE re <u>53</u> Report of Rule 26(f) Planning Meeting. The court will establish a litigation schedule after resolution of the pending motions to dismiss (ECF Nos. <u>49</u> , <u>50</u> ). Briefing on those motions is set to be completed August 9. ECF No. <u>48</u> . In the meantime, the parties must exchange Rule 26(a)(1) disclosures by August 21, 2023 signed by JUDGE ALLEN C WINSOR on 7/31/23. (Briefing on motions due **8/9/2023**, and 26(a)(1) disclosures deadline due **8/21/2023**.) (bkp) (Entered: 07/31/2023) |
|---|---|---|
| 08/02/2023 | <u>69</u> | Consent MOTION to Appear Pro Hac Vice by Beth S. Brinkmann.( Filing fee $ 208 receipt number AFLNDC-8031596.) by THE LEADERSHIP NOW PROJECT. (Attachments: # <u>1</u> Exhibit A - Certificate of Good Standing) (BRINKMANN, BETH) (Entered: 08/02/2023) |
| 08/02/2023 | <u>70</u> | Consent MOTION to Appear Pro Hac Vice by Bradley K. Ervin.( Filing fee $ 208 receipt number AFLNDC-8031615.) by THE LEADERSHIP NOW PROJECT. (Attachments: # <u>1</u> Exhibit A - Certificate of Good Standing) (ERVIN, BRADLEY) (Entered: 08/02/2023) |
| 08/02/2023 | <u>71</u> | Consent MOTION to Appear Pro Hac Vice by Kendall T. Burchard.( Filing fee $ 208 receipt number AFLNDC-8031653.) by THE LEADERSHIP NOW PROJECT. (Attachments: # <u>1</u> Exhibit A - Certificate of Good Standing) (BURCHARD, KENDALL) (Entered: 08/02/2023) |
| 08/02/2023 | <u>72</u> | ***AMICUS BRIEF (ECF No. <u>72</u> -1 & ECF No. <u>73</u> -1) ARE ACCEPTED AND DEEMED PROPERLY FILED PER <u>76</u> ORDER GRANTING <u>72</u> , <u>73</u> MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS*** --- MOTION for Leave to File *Amicus Curiae Brief* by FORMER GOVERNORS, SENIOR GOVERNMENT ATTORNEYS, AND OTHER OFFICALS. (Attachments: # <u>1</u> Amicus Brief) (TOBIN, CHARLES) Modified on 8/3/2023 to add text (kdm). (Entered: 08/02/2023) |
| 08/02/2023 | <u>73</u> | ***AMICUS BRIEF (ECF No. <u>72</u> -1 & ECF No. <u>73</u> -1) ARE ACCEPTED AND DEEMED PROPERLY FILED PER <u>76</u> ORDER GRANTING <u>72</u> , <u>73</u> MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS*** --- Consent MOTION to File Amicus Brief *in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss* by THE LEADERSHIP |

|  |  | NOW PROJECT. (Internal deadline for referral to judge if response not filed earlier: **8/16/2023**). (Attachments: # <u>1</u> Proposed Amicus Brief) (BRINKMANN, BETH) Modified on 8/3/2023 to add text (kdm). (Entered: 08/02/2023) |
| --- | --- | --- |
| 08/03/2023 |  | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MICHAEL J FRANK notified that action is needed Re: <u>69</u> Consent MOTION to Appear Pro Hac Vice by Beth S. Brinkmann, <u>70</u> Consent MOTION to Appear Pro Hac Vice by Bradley K. Ervin, and <u>71</u> Consent MOTION to Appear Pro Hac Vice by Kendall T. Burchard - Referred to MICHAEL J FRANK. (tss) (Entered: 08/03/2023) |
| 08/03/2023 | <u>74</u> | Consent MOTION to Appear Pro Hac Vice by Joseph Slaughter.( Filing fee $ 208 receipt number AFLNDC-8033447.) by FORMER GOVERNORS, SENIOR GOVERNMENT ATTORNEYS, AND OTHER OFFICALS. (Attachments: # <u>1</u> Exhibit A - NY certificate of good standing) (SLAUGHTER, JOSEPH) (Entered: 08/03/2023) |
| 08/03/2023 | <u>75</u> | ORDER. The motions to appear pro hac vice, Docs. <u>69</u> , <u>70</u> , <u>71</u> , are GRANTED. Pursuant to Local Rule 11.1(C), the above attorneys are admitted pro hac vice on behalf of amicus curiae the Leadership Now Project. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 08/03/2023. (alb) (Entered: 08/03/2023) |
| 08/03/2023 | <u>76</u> | ORDER GRANTING <u>72</u> , <u>73</u> MOTIONS FOR LEAVE TO FILE AMICUS BRIEFS. Signed by JUDGE ALLEN C WINSOR on 8/3/2023. The amicus briefs (ECF No. <u>72</u> -1 & ECF No. <u>73</u> -1) are accepted and deemed properly filed. (kdm) (Entered: 08/03/2023) |
| 08/03/2023 |  | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MICHAEL J FRANK notified that action is needed Re: <u>74</u> Consent MOTION to Appear Pro Hac Vice by Joseph Slaughter. Referred to MICHAEL J FRANK. (kdm) (Entered: 08/03/2023) |
| 08/03/2023 | <u>77</u> | ORDER granting <u>74</u> Motion to Appear Pro Hac Vice. Pursuant to Local Rule 11.1(C), attorney Joseph Slaughter is admitted pro hac vice on behalf of amici curiae Former Governors, Senior Government Attorneys, and Former Officials. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 08/03/2023. (alb) (Entered: 08/03/2023) |

| 08/03/2023 | <u>78</u> | NOTICE of Appearance by MATTHEW THOMAS NEWTON on behalf of FORMER GOVERNORS, SENIOR GOVERNMENT ATTORNEYS, AND OTHER OFFICALS (NEWTON, MATTHEW) (Entered: 08/03/2023) |
|---|---|---|
| 08/03/2023 | <u>79</u> | First MOTION to Appear Pro Hac Vice by Norman L. Eisen.( Filing fee $ 208 receipt number AFLNDC-8034492.) by FORMER GOVERNORS, SENIOR GOVERNMENT ATTORNEYS, AND OTHER OFFICALS. (Attachments: # <u>1</u> Supplement DC Bar Information/St. of Good Standing) (EISEN, NORMAN) (Entered: 08/03/2023) |
| 08/03/2023 |  | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MICHAEL J FRANK notified that action is needed Re: <u>79</u> First MOTION to Appear Pro Hac Vice by Norman L. Eisen.( Filing fee $ 208 receipt number AFLNDC-8034492.) Referred to MICHAEL J FRANK. (alb) (Entered: 08/03/2023) |
| 08/03/2023 | <u>80</u> | ORDER granting <u>79</u> Motion to Appear Pro Hac Vice. Pursuant to Local Rule 11.1(C), attorney Norman L. Eisen is admitted pro hac vice on behalf of Amicus Curiae Former Governors, Senior Government Attorneys, and Other Former Officials. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 08/03/2023. (alb) (Entered: 08/03/2023) |
| 08/09/2023 | <u>81</u> | REPLY to Response to Motion re <u>50</u> MOTION to Dismiss *Plaintiff's Amended Complaint* filed by BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER. (Attachments: # <u>1</u> Exhibit A) (COOPER, CHARLES) (Entered: 08/09/2023) |
| 08/09/2023 | <u>82</u> | REPLY to Response to Motion re <u>49</u> MOTION to Dismiss *Plaintiff's Amended Complaint* filed by RONALD D DESANTIS, MEREDITH IVEY. (WHITAKER, HENRY) (Entered: 08/09/2023) |
| 08/23/2023 | <u>83</u> | NOTICE *of Supplemental Authority* by BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER (Attachments: # <u>1</u> Exhibit A) (COOPER, CHARLES) (Entered: 08/23/2023) |
| 08/25/2023 | <u>84</u> | Mail Returned as Undeliverable. Mail sent to TRANSITION PROCESSING FORWARD Re: <u>59</u> ORDER STRIKING <u>57</u> UNAUTHORIZED FILING.. (***Return to sender - |

Insufficient address - Unable to forward.***) (No forwarding address located.) (kdm) (Entered: 08/25/2023)

| | | |
|---|---|---|
| 09/01/2023 | 85 | MOTION to Amend/Correct 25 Amended Complaint by WALT DISNEY PARKS AND RESORTS US INC. (Attachments: # 1 Exhibit Second Amended Complaint) (LOSEY, ADAM) (Entered: 09/01/2023) |
| 09/01/2023 | 86 | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S 85 MOTION TO AMEND. Signed by JUDGE ALLEN C WINSOR on 9/1/2023. (kdm) (Entered: 09/01/2023) |
| 09/07/2023 | 87 | SECOND AMENDED COMPLAINT against BRIAN AUNGST JR, JOHN CLASSE, RONALD D DESANTIS, MARTIN GARCIA, MEREDITH IVEY, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER, filed by WALT DISNEY PARKS AND RESORTS US INC. (LOSEY, ADAM) (Entered: 09/07/2023) |
| 09/07/2023 | 88 | ORDER DENYING AS MOOT 49 , 50 MOTIONS TO DISMISS. (Defendants must respond to the Second Amended Complaint by **9/21/2023)**. Signed by JUDGE ALLEN C WINSOR on 9/7/2023. (kdm) (Entered: 09/07/2023) |
| 09/14/2023 | 89 | STIPULATION *Regarding Briefing Schedule* by RONALD D DESANTIS, MEREDITH IVEY. (WHITAKER, HENRY) (Entered: 09/14/2023) |
| 09/15/2023 | 90 | ORDER REGARDING BRIEFING SCHEDULE re 89 STIPULATION Regarding Briefing Schedule. (Defendants' deadline to respond to the Second Amended Complaint is **9/28/2023**., Plaintiff's deadline to respond is **10/19/2023**., Defendants may reply no later than **10/30/2023**). Signed by JUDGE ALLEN C WINSOR on 9/15/2023. (kdm) (Entered: 09/15/2023) |
| 09/15/2023 | 91 | MOTION to Withdraw as Attorney by THE LEADERSHIP NOW PROJECT. (BRINKMANN, BETH) (Entered: 09/15/2023) |
| 09/18/2023 | 92 | ORDER GRANTING 91 MOTION TO WITHDRAW. Attorney BETH S BRINKMANN terminated. Signed by JUDGE ALLEN C WINSOR on 9/18/2023. Beth Brinkman is relieved of further responsibility in this case. The clerk will remove her from the CM/ECF distribution list. (kdm) (Entered: 09/18/2023) |

| 09/28/2023 | <u>93</u> | MOTION to Dismiss *Plaintiff's Second Amended Complaint* by BRIAN AUNGST JR, JOHN CLASSE, MARTIN GARCIA, RON PERI, MICHAEL SASSO, BRIDGET ZIEGLER. (Internal deadline for referral to judge if response not filed earlier: **10/12/2023**). (Attachments: # <u>1</u> Memorandum in Support of Defendants' Motion to Dismiss.) (COOPER, CHARLES) (Entered: 09/28/2023) |
|---|---|---|
| 09/28/2023 | <u>94</u> | MOTION to Dismiss *Plaintiff's Second Amended Complaint* by RONALD D DESANTIS, MEREDITH IVEY. (Internal deadline for referral to judge if response not filed earlier: **10/12/2023**). (WHITAKER, HENRY) (Entered: 09/28/2023) |
| 10/13/2023 | <u>95</u> | STIPULATION *Regarding Briefing Schedule* by RONALD D DESANTIS, MEREDITH IVEY. (WHITAKER, HENRY) (Entered: 10/13/2023) |
| 10/16/2023 | <u>96</u> | ORDER GRANTING <u>95</u> MOTION FOR EXTENSION. (Deadline for Plaintiff to respond to Defendants motions to dismiss is extended to **10/30/2023**., Deadline for Defendants to file their replies is extended to **11/9/2023**). Signed by JUDGE ALLEN C WINSOR on 10/16/2023. (kdm) (Entered: 10/16/2023) |
| 10/30/2023 | <u>97</u> | MEMORANDUM in Opposition re <u>93</u> CFTOD DEFENDANTS MOTION TO DISMISS SECOND AMENDED COMPLAINT filed by WALT DISNEY PARKS AND RESORTS US INC. (PETROCELLI, DANIEL) Modified on 10/30/2023 (tss). (Entered: 10/30/2023) |
| 10/30/2023 | <u>98</u> | MEMORANDUM in Opposition re <u>94</u> STATE DEFENDANTS MOTION TO DISMISS SECOND AMENDED COMPLAINT filed by WALT DISNEY PARKS AND RESORTS US INC. (PETROCELLI, DANIEL) Modified on 10/30/2023 (tss). (Entered: 10/30/2023) |
| 10/30/2023 | <u>99</u> | MOTION to File Amicus Brief *in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss* by THE LEADERSHIP NOW PROJECT. (Internal deadline for referral to judge if response not filed earlier: **11/13/2023**). (Attachments: # <u>1</u> Proposed Amicus Brief) (ERVIN, BRADLEY) (Entered: 10/30/2023) |
| 10/31/2023 | <u>100</u> | ORDER AUTHORIZING AMICUS FILING, granting <u>99</u> MOTION to File Amicus Brief. Signed by JUDGE ALLEN C WINSOR on 10/31/2023. The amicus brief (ECF No. <u>99</u> -1) |

is accepted as filed. (kdm) (Entered: 10/31/2023)

| | | |
|---|---|---|
| 10/31/2023 | 101 | MOTION to Appear Pro Hac Vice by Adam W. Mitchell.( Filing fee $ 208 receipt number AFLNDC-8352246.) by THE LEADERSHIP NOW PROJECT. (Attachments: # 1 Exhibit A - Certificate of Good Standing) (MITCHELL, ADAM) (Entered: 10/31/2023) |
| 10/31/2023 | 102 | MOTION for Leave to File *Amicus Curiae Brief* by FORMER GOVERNORS, SENIOR GOVERNMENT ATTORNEYS, AND OTHER OFFICALS. (Attachments: # 1 Proposed Amici Brief) (TOBIN, CHARLES) (Entered: 10/31/2023) |
| 10/31/2023 | | ACTION REQUIRED BY MAGISTRATE JUDGE: Chambers of MAGISTRATE JUDGE MICHAEL J FRANK notified that action is needed Re: 101 MOTION to Appear Pro Hac Vice by Adam W. Mitchell. Referred to MICHAEL J FRANK. (kdm) (Entered: 10/31/2023) |
| 10/31/2023 | 103 | ORDER AUTHORIZING AMICUS FILING, granting 102 MOTION for Leave to File Amicus Curiae Brief. Signed by JUDGE ALLEN C WINSOR on 10/31/2023. The amicus brief (ECF No. 102 -1) is accepted as filed. (kdm) (Entered: 10/31/2023) |
| 10/31/2023 | 104 | Consent MOTION for Leave to File re 94 MOTION to Dismiss *Plaintiff's Second Amended Complaint Amicus Brief in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss* by REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS. (Attachments: # 1 Proposed Amicus Brief) (LOCICERO, CAROL) (Entered: 10/31/2023) |
| 10/31/2023 | 105 | ORDER granting 101 Motion to Appear Pro Hac Vice. Pursuant to Local Rule 11.1(C), attorney Adam W. Mitchell is admitted pro hac vice on behalf of amicus the Leadership Now Project. Signed by MAGISTRATE JUDGE MICHAEL J FRANK on 10/31/2023. (jcw) (Entered: 11/01/2023) |
| 11/01/2023 | 106 | NOTICE *of Supplemental Authority* by WALT DISNEY PARKS AND RESORTS US INC (Attachments: # 1 Exhibit A) (PETROCELLI, DANIEL) (Entered: 11/01/2023) |
| 11/02/2023 | 107 | ORDER AUTHORIZING AMICUS FILING, granting 104 Consent MOTION for Leave to File. Signed by JUDGE ALLEN C WINSOR on 11/2/2023. The amicus brief (ECF No. 104 -1) is accepted as filed. (kdm) (Entered: 11/02/2023) |

| | | |
|---|---|---|
| 11/09/2023 | <u>108</u> | REPLY to Response to Motion re <u>94</u> MOTION to Dismiss *Plaintiff's Second Amended Complaint* filed by RONALD D DESANTIS, MEREDITH IVEY. (WHITAKER, HENRY) (Entered: 11/09/2023) |
| 11/09/2023 | <u>109</u> | REPLY to Response to Motion re <u>93</u> MOTION to Dismiss *Plaintiff's Second Amended Complaint* filed by BRIAN AUNGST JR, CHARBEL BARAKAT, MARTIN GARCIA, GLENTON GILZEAN, JR, RON PERI, BRIDGET ZIEGLER. (COOPER, CHARLES) (Entered: 11/09/2023) |
| 11/16/2023 | 110 | NOTICE of Hearing on Motion |

<u>93</u> and <u>94</u> MOTIONS to Dismiss

Motion Hearing set for **12/12/2023 at 09:30 AM** in the Joseph Woodrow Hatchett United States Courthouse and Federal Building, Courtroom 5 South, 111 North Adams Street, Tallahassee, Florida, before JUDGE ALLEN C WINSOR.

*Note: If you or any party, witness or attorney in this matter has a disability that requires special accommodations, such as a hearing impairment that requires a sign-language interpreter or a wheelchair restriction that requires ramp access, please contact the Clerk's Office at least one week prior to the hearing (or as soon as possible) so arrangements can be made.*

*s/TiAnn Stark*
Courtroom Deputy Clerk to the Honorable Allen Winsor (tss) (Entered: 11/16/2023)

| | | |
|---|---|---|
| 12/12/2023 | <u>111</u> | Minute Entry for proceedings held before JUDGE ALLEN C WINSOR:Motion Hearing held on 12/12/2023 re <u>93</u> and <u>94</u> MOTIONS to Dismiss - arguments presented - written order to follow (Court Reporter Kairisa Magee (USDC-Tallahassee)) (tss) (Entered: 12/13/2023) |
| 01/11/2024 | <u>112</u> | NOTICE *of Supplemental Authority* by WALT DISNEY PARKS AND RESORTS US INC (Attachments: # <u>1</u> Exhibit A) (PETROCELLI, DANIEL) (Entered: 01/11/2024) |
| 01/12/2024 | <u>113</u> | RESPONSE by BRIAN AUNGST JR, CHARBEL BARAKAT, MARTIN GARCIA, GLENTON GILZEAN, JR, RON PERI, BRIDGET ZIEGLER re <u>112</u> Notice (Other) . (COOPER, |

CHARLES) (Entered: 01/12/2024)

| 01/31/2024 | 114 | ORDER GRANTING 93 , 94 MOTIONS TO DISMISS. Signed by JUDGE ALLEN C WINSOR on 1/31/2024. The clerk will enter a judgment that says, "This case was resolved on motions to dismiss. Plaintiff's claims against the Governor and the Department Secretary are dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff's claims against the Central Florida Tourism Oversight District board members are dismissed on the merits for failure to state a claim." The clerk will close the file. (kdm) (Entered: 01/31/2024) |
|---|---|---|
| 01/31/2024 | 115 | CLERK'S JUDGMENT re 114 ORDER GRANTING 93 , 94 MOTIONS TO DISMISS. (kdm) (Entered: 01/31/2024) |
| 02/01/2024 | 116 | NOTICE OF APPEAL as to 115 Clerk's Judgment, 114 Order on Motion to Dismiss,,,,, by WALT DISNEY PARKS AND RESORTS US INC. ( Filing fee $605 Receipt Number AFLNDC-8568137.) (Attachments: # 1 Exhibit A, # 2 Exhibit B) (PETROCELLI, DANIEL) (Entered: 02/01/2024) |